MARGARET J. NAGLE, administratrix, *vs.* JOHN W. R. LAXTON.

Suffolk.　March 30, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Exceptions.

An exception to the charge of a judge cannot be taken for the first time at the hearing on a motion for a new trial.

CONTRACT for an alleged breach of a contract in writing to purchase certain books from the plaintiff. Writ in the Municipal Court of the City of Boston dated December 12, 1903.

On appeal to the Superior Court the case was tried before *Richardson*, J. The jury returned a verdict for the plaintiff in the sum of $187.50.

The defendant filed a motion for a new trial which was overruled by the judge. A bill of exceptions was presented by the defendant relating solely to a question of law as to the measure of damages, raised by the defendant for the first time at the hearing on the defendant's motion for a new trial, and the only question intended to be raised by the bill of exceptions was based upon the rulings of the judge in denying that motion. At the trial no request for a ruling upon the question of damages was made by the defendant, and no exception was taken by the defendant to any portion of the judge's charge to the jury relating to the question of damages.

At the foot of the bill of exceptions the judge signed the following statement:

"If any exception on any question or matter of law was properly taken and saved, and exists as stated in said foregoing bill of exceptions, I allow it."

*F. W. Wheeler*, for the defendant.

*J. Isaacs*, for the plaintiff, was not called upon.

MORTON, J. The defendant finds fault with the charge. But he took no exception to it when it was delivered; and, so far as appears, did not then call the attention of the judge in any way to those things which he now objects to. Manifestly he could

not except to the charge for the first time at the filing of and hearing on the motion for a new trial. *Capper* v. *Capper*, 172 Mass. 262. The judge could no doubt have set aside the verdict if satisfied that an error had been committed by the jury in consequence of misdirection. But as appears from the bill of exceptions the judge was not so satisfied, and the motion for a new trial was overruled. The exceptions were allowed, " if any exception on any question or matter of law was properly taken and saved." No exception having been so taken, it follows that the bill must be dismissed.

*So ordered.*