HELEN T. McDERMOTT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Norfolk.    December 8, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence.    Street Railway.*

If after a street car has come to a full stop the conductor makes way for a woman passenger to get out and she starts to do so, but while she is stepping from the car it starts suddenly and she is thrown to the ground and is injured, these facts are evidence of due care on the part of the passenger and of negligence on the part of either the conductor or the motorman of the car.

TORT for personal injuries alleged to have been sustained by the plaintiff on March 16, 1909, by reason of the sudden starting of a box car of the defendant, on which the plaintiff was a passenger, while she was in the act of alighting from it. Writ dated April 16, 1909.

In the Superior Court the case was tried before *Morton*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant on the ground that there was no evidence of negligence on the part of the defendant. The plaintiff alleged exceptions.

*C. F. Rowley*, for the plaintiff.
*L. E. Flye*, for the defendant.

SHELDON, J.   The jury could have found that the car had stopped for the apparent purpose of allowing passengers to alight; that while the car had been approaching the transfer station which was a regular stopping place, the plaintiff had risen from her seat and come to the door in order to be ready to step out as soon as the car should have stopped; that, as she was about to step into the vestibule of the car, the conductor barred her passage by putting his arm across the door and his hand upon it, and so holding it until the car had come to a complete stop; that the conductor then removed his hand and stepped back, thus making way for her to get out, which she accordingly started to do; but that while she was stepping down, the car started and so threw her to the ground.   This was enough to justify the jury in finding that she was in the exercise of due care, having been invited by the conductor to go out of the car, and that either the conductor or the motorman was negligent in starting the car while she was in the act of leaving it.   *Worthen* v. *Grand Trunk Railway*, 125 Mass. 99.   *Barden* v. *Boston, Clinton & Fitchburg Railroad*, 121 Mass. 426.   *Floytrup* v. *Boston & Maine Railroad*, 163 Mass. 152, 155.   *McGlinchy* v. *Boston Elevated Railway*, 206 Mass. 7.   *Black* v. *Boston Elevated Railway*, 206 Mass. 80.   The case is not at all like *O'Neil* v. *Lynn & Boston Railroad*, 180 Mass. 576, or *Curtin* v. *Boston Elevated . Railway*, 194 Mass. 260, relied on by the defendant. This accident was not caused by any jerk of the car in starting or stopping, but by making a sudden start after the car had come to a full stop for passengers to alight, and while the plaintiff was in the act of alighting.   See *Work* v. *Boston Elevated Railway*, 207 Mass. 447.

*Exceptions sustained.*