WILLIAM C. TORREY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 14, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Street railway. *Practice, Civil,* Exceptions, Conduct of trial: judge's charge.

In an action by a passenger against a street railway company for personal injuries caused by a box car of the defendant starting as the plaintiff was in the act of alighting, the declaration alleged as the cause of the accident that the car,

" through and by reason of the negligence and carelessness of the defendant, its agents and servants, was suddenly started " as the plaintiff was in the act of alighting.  At the trial of the case, there was evidence tending to show that the plaintiff, who was seventy-five years of age, asked the conductor to stop the car at a certain place and that the conductor gave a signal for that purpose, that, while the car itself was in motion, the plaintiff started for the rear door, that after the car had stopped he started to get off and, while he was doing so, a signal to start the car was given, the car started, and he was thrown; that the conductor at all times was inside the car ; that there were no passengers standing inside the car and no one on the rear platform.  There was no direct evidence as to who gave the signal to start the car.  The presiding judge left the case to the jury with a brief charge, among other things instructing them that in order to find for the plaintiff they must be satisfied " by a fair preponderance of the evidence that the car was suddenly started either because of the ordinary starting signal given by the conductor, or by the motorman without receiving any signal.  The plaintiff would not be entitled to recover simply by showing that the car started, and nothing more."  The plaintiff, without calling to the judge's attention any specific objections to the charge, excepted generally to the instructions and to rulings therein contained.  There was a verdict for the defendant.  *Held,* that the exceptions must be overruled, both because the evidence did not justify a finding that the starting signal by bell was given by the conductor or by his direction, and because the charge stated the law tersely and correctly.

TORT for personal injuries alleged to have been caused by the starting of a box street car of the defendant as the plaintiff was in the act of alighting therefrom near the corner of School and Washington Streets in that part of Boston called Dorchester. Writ dated May 5, 1908.

The allegations of the declaration as to the cause of the starting were " that while the plaintiff was in the act of alighting from the said car, and being then and there in the exercise of due care, the said car, through and by reason of the negligence and carelessness of the defendant, its agents and servants, was suddenly started, thereby throwing the plaintiff with great force and violence on his head, back and shoulders on to the stone crossing."

In the Superior Court the case was tried before *Brown,* J.

The entire evidence for the plaintiff as to the cause of the accident was in substance as follows : The plaintiff testified that, while he was sitting in the car about midway between the front and rear and as the car neared the stopping place where he desired to alight, he asked the conductor, who then was inside of the car and was standing just in front of the plaintiff, to stop the car at School Street ; that the conductor thereupon gave the

signal for the car to stop; that the plaintiff at once arose from
his seat, while the car was still going, and while the conductor
was still near him, and proceeded to the rear platform of the
car for the purpose of alighting; that as he reached the rear
platform the car stopped at or near the corner of School Street
and Washington Street, and that just as he was stepping from
the platform, and while he was still on the step, the starting
signal was given, two bells being rung, and the car was suddenly
started up, throwing him into the street.    The plaintiff's
daughter, a woman twenty-five years of age, witnessed the acci-
dent, and testified that the car did not stop at all after the accident,
but proceeded rapidly on its way; that she did not see the con-
ductor or any one on the rear platform except the plaintiff;
that, before the plaintiff started to get off, the car had stopped
an ordinary length of time.    It did not appear that the conductor
stepped out on to the rear platform, or that any other person
was on the platform besides the plaintiff, at the time the start-
ing signal was given.    At the time of the accident the plaintiff
was seventy-five years of age.

A conductor on one of the defendant's cars, who was a witness
for the defendant, testified upon cross-examination that when the
defendant's cars from the Dudley Street terminal station arrived
out in Dorchester as far as School Street, the number of passen-
gers on the cars usually were so lessened that none would have
to stand up in the cars.

The defendant admitted that it had no report of the accident
from its employees and it offered no evidence as to how the ac-
cident happened or what transpired at the time of the accident.

On the question of defendant's liability, the presiding judge
charged the jury as follows:

" We have got here another of those cases where you have
got to determine whether a car started too quickly or not, and
whether, if it did, it was the fault of the defendant.   The plain-
tiff has got to show you, by a fair preponderance of all the
testimony, first that he was in the exercise of due care, and
second that the defendant was negligent.

" In this case the defendant is a corporation engaged in the
transportation of passengers for hire, a common carrier of pas-
sengers, and as such is obliged to give the greatest care to its

passengers consistent with the reasonable conduct of its business. The elevated's principal object is rapidly transporting passengers, you and me, from one place to another. The conditions are very different from what they were in the old horse car days. Passengers have got to assume certain risks they didn't assume then; and they do that with full knowledge when they board a car.

" Of course every passenger as a rule is in the exercise of due care. When they have once shown you they are passengers, that they have entrusted their safety to the defendant, they are not obliged to do anything more as a common rule. In this case the plaintiff was in the exercise of due care, from the testimony. He was a passenger going to his home in the evening. He gave the signal to stop the car. His testimony is that the conductor gave the bell, the car stopped, and he started to get off, and that two bells were rung by somebody, he doesn't tell you whom, and he fell.

" Having alleged in his declaration that he was thrown through the fault of the defendant, because its agents and servants were careless in starting that car, he has got to prove it to you. If he has not, he cannot recover. Now you and I have seen, lots of times, other people give signals who had no business to. The plaintiff has got to show you in this case, from the testimony and such inferences as you can draw from it, that these two bells were given by the conductor. If they were not, the defendant is not liable ; if they were, it is. You have got to take the testimony and if you can find testimony to substantiate that, you ought to find it. If the testimony is not there, you can't find it; and it is for you to say whether there is any testimony of that sort or not. You heard the plaintiff recalled and you heard what he said. Now if the plaintiff has not shown you that, he cannot recover. If he has, then you have got to determine what happened here. If you find the conductor gave these two bells, did he give them before the plaintiff had a reasonable opportunity to get off? If he did, the defendant is negligent.

" You have got to take all the testimony, and if you can say that the plaintiff on a fair preponderance of the testimony has established those two propositions, his own due care and the

negligence of the defendant, you come to the question of damages; if you can't, you don't get as far as that in the case."

At the request of the defendant's counsel the presiding judge gave the following additional instruction :

" The plaintiff by his declaration having alleged that, while he was in the act of alighting from the car, the car, through and by reason of the negligence and carelessness of the defendant, or its agents and servants, was suddenly started, must satisfy the jury by a fair preponderance of the evidence that the car was suddenly started either because of the ordinary starting signal given by the conductor, or by the motorman without receiving any signal. The plaintiff would not be entitled to recover simply by showing that the car started, and nothing more."

There was a verdict for the defendant; and the plaintiff alleged exceptions to the rulings and instructions contained in the charge, without specifying which ones.

*L. G. Roberts*, for the plaintiff.

*E. P. Saltonstall & C. W. Blood*, for the defendant, were not called upon.

HAMMOND, J.    The evidence did not justify a finding that the starting signal by bell was given by the conductor or by his direction.

The charge, though brief, stated the law tersely and correctly, and is not justly open to the criticisms made by the plaintiff that it was contradictory and misleading.

*Exceptions overruled.*