FLORA E. GARLAND vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.   November 24, 1911. — January 2, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Street railway. *Witness,* Redirect examination.   *Practice, Civil,*
Exceptions.

At the trial of an action by a woman against a street railway company for injuries
alleged to have been received by the plaintiff from being thrown to the ground
by the sudden starting of a car as she was in the act of alighting, there was
evidence tending to show that the car was an open electric car with seats run-
ning across it, that in response to a signal from the plaintiff the conductor rang
a bell for the car to stop, that while the speed was slackening she passed to the
end of the seat upon which she had been sitting, preparatory to alighting, that the
car came to a full stop opposite a white post and that, while the plaintiff was in
the act of alighting, the car started suddenly and prematurely and she was thrown
from it.   There was evidence for the defendant tending to show that the plain-
tiff attempted to alight before the car came to a stop.   *Held,* that the questions,
whether the plaintiff was exercising due care and whether the employees of
the defendant were negligent, were for the jury.

At the trial of an action by a woman against a street railway company for injuries
alleged to have been received by the plaintiff from being thrown to the ground
by the sudden starting of a car as she was in the act of alighting, there was
evidence tending to show that the car was an open electric car with seats running
across it, that in response to a signal from the plaintiff the conductor rang a bell
for the car to stop, that while the speed was slackening she passed to the end of the
seat upon which she had been sitting, preparatory to alighting, that the car came
to a full stop opposite a white post and that, while the plaintiff was in the act of
alighting the car started suddenly and prematurely and she was thrown from it.
The conductor of the car, testifying for the defendant, stated among other things
that his attention was called to the plaintiff's fall by screams from other pas-
sengers, and he was cross-examined on that subject.   In redirect examination
the defendant sought to ask him, " You were asked about reasons why persons
screamed, as you understood.   Why did they scream when she was getting off?"
The presiding judge excluded the question and the defendant excepted.   Later
the defendant asked the witness " Just what was she doing at the moment the
screams took place?" and he answered, " She was stepping off the car while it
was in motion, stepping off backward."   *Held,* that the exception to the exclu-
sion of the first question and answer must be overruled, because its exclusion in
redirect examination was within the discretionary power of the presiding judge,
and also because from the second question and answer the defendant obtained in
another form the evidence he had sought, and therefore was not harmed.

TORT for personal injuries alleged to have been received by
the plaintiff while she was a passenger on an open street car of

the defendant and to have been caused by the car starting as she was in the act of alighting from it.    Writ dated January 4, 1909.

In the Superior Court the case was tried before *Lawton*, J.

The witness Alexander, referred to in the opinion, was a witness for the defendant.    He had been conductor of the car from which the plaintiff alleged that she had been thrown, and in his direct examination had testified to having his attention called to the plaintiff falling by screams of other passengers. He was cross-examined on the subject.    In redirect examination the defendant's counsel asked him, " You were asked about reasons why persons screamed, as you understood.    Why did they scream when she was getting off? "    On objection by the plaintiff, the answer was excluded.    He then was asked, " In view of the cross-examination I will call your attention to this — put this question: Just what was she doing at the moment the screams took place ? " and answered, " Why, she was stepping off the car while it was in motion, stepping off backward."

Other facts are stated in the opinion.    At the close of the evidence, the presiding judge refused to order a verdict for the defendant.    The jury found for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

*J. E. Hannigan*, for the defendant.

*F. P. Garland*, (*B. Berenson* with him,) for the plaintiff.

DeCourcy, J.    The plaintiff was a passenger on an open car of the defendant.    In response to her signal the conductor rang the bell to stop the car, and while the speed was slackening she walked to the end of the seat preparatory to alighting.    The main fact in controversy was whether the car had come to a full stop just before the accident occurred.    The contention of the defendant was that the plaintiff stepped from the car while it was slowing down but still moving, and a number of witnesses so testified.    But there was also testimony from which the jury could find that the car had come to a full stop in front of the white post to allow the plaintiff to alight, and that while the plaintiff was in the act of alighting she was thrown to the ground by reason of the car being started suddenly and prematurely.    Upon the evidence the issues of the plaintiff's due care and the defendant's negligence were for the jury.    *McDermott*

v. *Boston Elevated Railway*, 208 Mass. 104. Upon the plaintiff's story, which the jury believed, this case is unlike those cited by the defendant, where passengers were thrown down by a jerk in the motion of a car while running and not due to negligence. *McGann* v. *Boston Elevated Railway*, 199 Mass. 446, 448. *Stevens* v. *Boston Elevated Railway*, 199 Mass. 471. And see *Work* v. *Boston Elevated Railway*, 207 Mass. 447.

The court might well in its discretion exclude the question to the witness Alexander, asked in re-direct examination. And the defendant was not harmed by the exclusion since he obtained the evidence, in another form, from the witness. *Bennett* v. *Susser*, 191 Mass. 329. *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463, 474.

*Exceptions overruled.*