ANNA O. VINE *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Berkshire.    September 10, 1912. — October 15, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, & DeCOURCY, JJ.

*Negligence*, Street railway.

At the trial of an action against a street railway company to recover for personal injuries alleged to have been caused by the plaintiff being thrown down by the starting of an open electric car of the defendant as he was alighting therefrom, there was evidence tending to show that the car had been stopped in response to a signal by the plaintiff, that the plaintiff then had risen from his seat, had proceeded to the side of the car and was about to step down upon the running board when the conductor, without giving any attention to that part of the car where the plaintiff was alighting, rang the bell for starting the car, the car was started at once and the plaintiff was caused to fall. *Held*, that there was evidence tending to show that the plaintiff was in the exercise of due care and that the conductor was negligent.

*It seems*, that the facts, that a passenger on an open electric street car which had been stopped to enable passengers to alight, arose from his seat in the middle of the car and proceeded to the side of it in an attempt to alight, after the conductor had rung a bell as a signal for the car to start, whereupon he was thrown down by the starting of the car, are not conclusive evidence of negligence on his part where it also appears that he did not understand the meaning of the ringing of the bell.

TORT for personal injuries caused by the plaintiff being thrown from an open street car of the defendant by the car being started as she was alighting. Writ dated December 23, 1910.

In the Superior Court the case was tried before *Fox*, J. The plaintiff was the only witness who testified to the circumstances of the accident. The substance of her testimony is stated in the opinion.

At the close of the evidence, the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. If, at the time the signal to start the car was given, the plaintiff was in a position of safety on the floor or body of the car and such signal was heard by her, she cannot recover in this case and your verdict must be for the defendant.

"3. Unless the conductor, by exercising the high degree of care which the law imposes upon him in his conduct towards passengers knew, or should have known, that the plaintiff would be injured or might be injured by the starting of the car, there is no evidence of the defendant's negligence in this case."

The rulings were refused. The jury found for the plaintiff in the sum of $4,000; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely, J. B. Ely & J. D. Lennehan,* for the defendant.

*C. P. Niles, J. W. Lewis & J. F. Noxon,* for the plaintiff.

BRALEY, J. The rulings requested by the defendant could not have been given. It apparently offered no evidence directly controlling the testimony of the plaintiff, from which the jury would have been warranted in finding, that the conductor, who had been informed of the plaintiff's purpose, stopped the car to enable her and other passengers to alight. By this act the defendant assured the plaintiff, that she would have a reasonable opportunity to pass safely to the street, and in appropriate language the jury were so instructed. *Rand* v. *Boston Elevated Railway,* 198 Mass. 569, 571, and cases cited. The only account of what followed appears in the plaintiff's statements, which if believed were sufficient to show, that as the car stopped she arose from her seat nearly in the centre and moved toward the side, where she grasped a stanchion with her right hand, and stood with one foot on the car floor preparing to step down. But before taking

the step the conductor, who remained on the running board, gave a signal, and the motorman at once turned on the power. The sudden movement forward caused the plaintiff to be thrown forcibly to the running board, where for some distance she was carried with one foot trailing on the ground. It was the duty of the conductor before he gave the signal to use reasonable care to ascertain whether the plaintiff had alighted, and as it further appears that he looked only toward the rear where a passenger was alighting, but gave no attention to that part where the plaintiff stood, the jury could say, that the car was prematurely started. The questions of the plaintiff's due care, and of the conductor's negligence were manifestly for the jury. *McCarthy* v. *Boston Elevated Railway,* 208 Mass. 512, 513 and cases cited. *McDermott* v. *Boston Elevated Railway,* 208 Mass. 104.

It is, however, urged by the defendant, that the plaintiff left her seat, and attempted to alight after the signal had been given, and while the car was moving. But even if this view as to the cause of the accident may be rested on some of her answers in cross-examination, the plaintiff also testified, that although hearing the bell, she did not understand that it was used solely as a signal to the motorman. If she was ignorant of the purpose of the conductor, then even on the defendant's contention, the mere hearing of the bell before any attempt to move to the side of the car after it had been stopped would not of itself be conclusive evidence of negligence, and whether from her experience as a traveller in street cars she should have been held to have known that the invitation had been withdrawn, was for the jury to decide. *Brooks* v. *Boston & Maine Railroad,* 135 Mass. 21. *Merritt* v. *New York, New Haven, & Hartford Railroad,* 162 Mass. 326. *Garland* v. *Boston Elevated Railway,* 210 Mass. 458. The court moreover was not required under the second request to rule upon a part, but only on the whole of the material testimony, and the instructions, that if the plaintiff was injured in attempting to alight while the car was moving she could not recover amply protected the rights of the defendant. *Kellogg* v. *Thompson,* 142 Mass. 76, 80. *McDonough* v. *Miller,* 114 Mass. 94.

*Exceptions overruled.*