ELLA F. KILLAM *vs.* WELLESLEY AND BOSTON STREET RAILWAY COMPANY.

Suffolk. January 8, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Evidence*, Presumptions and burden of proof. *Negligence*, Street railway.

If, at the trial of an action against a street railway company for personal injuries alleged to have been caused by a car being started while the plaintiff was entering it and before he had reached a place of safety, the only evidence as to whether a signal for starting the car was given is testimony of the plaintiff,

who, when asked, "Did you hear any bells given to start the car?" answered, "I don't remember. All I know is the car started," there is no evidence that the car started by reason of a signal given by a bell.

If, at the trial of an action against a street railway company for personal injuries caused by a car of the defendant starting in the ordinary course of its operation, after it had stopped at a regular stopping place and as the plaintiff was entering it and before he had reached a place of safety, where it appears that ordinarily the car is started upon a signal given by a bell and there is no evidence that the starting which caused the injury to the plaintiff was by reason of a signal given by a bell, an inference may be drawn that the car was started by, or under the authority of, some servant of the defendant in charge of the car, and such starting may be found to have been negligent.

TORT for personal injuries alleged to have been caused by the starting of an open electric street railway car, operated by the defendant, as the plaintiff was in the act of entering it from the running board. Writ dated August 5, 1905.

In the Superior Court the case was tried before *Crosby,* J. The only evidence relating to the cause of the starting of the car is stated in the opinion, where also are stated the other material facts.

At the close of the evidence the defendant asked the judge to rule that on all of the evidence the plaintiff could not recover. The ruling was refused. The jury found for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

The case was argued at the bar in January, 1913, before *Rugg,* C. J., *Morton, Hammond, Braley, & Sheldon,* JJ., and afterwards was submitted on briefs to all the justices.

*W. U. Friend,* for the defendant.

*J. Comerford,* for the plaintiff.

RUGG, C. J. There was evidence tending to show that the plaintiff attempted to board a car of the defendant after it had stopped at a regular stopping place, and that while she was in the act of stepping from the running board into the car it started in the usual way as it ordinarily did and continued on its course, whereby she was injured. In answer to the question, "Did you hear any bells given to start the car?" the plaintiff testified, "I don't remember. All I know is the car started." This was equivalent to no evidence that the car started by reason of a signal given by starting bells. *Slattery* v. *New York, New Haven, & Hartford Railroad,* 203 Mass. 453, 457.

Where a car in ordinary operation, which has stopped to receive passengers at a regular place, starts in the usual way before

one offering himself as a passenger has had an opportunity to reach a place of safety within the car, the inference may be drawn that it started by reason of acts of the servant or servants of the defendant. · The defendant cannot be held liable for the act of an intermeddler in causing the car to start. If, without any express or implied authority, a stranger gives the starting bells, and his act is not adopted by the conductor, the defendant is not liable.

But on the other hand when a car starts apparently in the ordinary course of its operation and there is nothing to indicate that starting bells were given by the unauthorized act of a volunteer, the inference may be drawn that it starts by, or by the authority of, those in charge of the car. *McDermott* v. *Boston Elevated Railway,* 208 Mass. 104.

There is nothing contrary to this in *O'Neil* v. *Lynn & Boston Railroad,* 180 Mass. 576. In that case it appears from an examination of the original papers that there was strong evidence that the conductor did not give the starting bells and that the plaintiff did not put her case on the ground of presumption but chiefly relied on the negligence of the defendant in suffering the car to be started by others, and contended further that there was enough evidence to go to the jury on the point that the conductor gave the starting bells. The declaration alleged as negligence only the untimely starting of the car. The opinion was addressed to the argument of the plaintiff and the narrow allegations of the declaration. *Torrey* v. *Boston Elevated Railway,* 209 Mass. 43, relied on by the defendant, was decided rightly on the well settled principle that a general exception to a charge to a jury without further specification cannot be sustained. *D'Arcy* v. *Mooshkin,* 183 Mass. 382. *Savage* v. *Marlborough Street Railway,* 186 Mass. 203. The opinion is brief and does not allude to this ground. So far as it is susceptible of the construction, that in general and in the absence of controlling evidence or circumstances the inference may not be drawn that when an electric car starts apparently in the usual conduct of the carrier's business such starting is due to its servants in charge of the car, it is not in harmony with *McDermott* v. *Boston Elevated Railway,* 208 Mass. 104, and cases there cited. It must be treated hereafter to that extent as not stating the law.

In the case at bar the inference might have been drawn from all the evidence that the proximate cause of the starting of the car

was the act of some servant of the defendant. The present declaration charges negligence in broad terms and does not restrict the probative effect of the evidence.

It could not have been ruled as matter of law that the plaintiff had reached a secure position before the car started. Whether she had or had not was a question of fact. *Gordon* v. *West End Street Railway,* 175 Mass. 181. *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, 542.

*Exceptions overruled.*