ROSE SHOLSBERG *vs.* BOSTON AND NORTHERN STREET RAILWAY COMPANY.

AARON SHOLSBERG *vs.* SAME.

MYER SHOLSBERG *vs.* SAME.

Essex.   November 7, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Street railway. *Evidence,* Presumptions and burden of proof.

In an action against a street railway company for injuries to a woman and a child four years of age from being thrown from an open street car of the defendant as they were alighting, there was evidence tending to show that the interior and the running board of the car were crowded, that as the car approached a square in a city the conductor rang one bell and the car stopped at a white post, when the woman, holding the child on her left arm, grasped the handle on the car

with her right hand, stepped to the running board and was advancing her right foot when a two-bell signal, which was the starting signal, was given, the car started and she and the child were thrown; that screams of passengers called the attention of the conductor to the accident, when he gave an emergency signal which stopped the car.  A witness, referring to the conductor, testified, "He rang the bell, she fell and he went off." The conductor testified that neither the stopping nor the starting bells were rung by his authority, and admitted that, after the stopping bell was rung, he took no precaution to prevent further intermeddling with the signals. *Held*, that the questions, whether the woman was in the exercise of due care and whether the conductor was negligent, were for the jury, who were warranted in finding that the starting signal was given by the conductor.

THREE ACTIONS OF TORT, the first by a mother and the third by her child four years of age for personal injuries caused by their being thrown to the ground by the starting of an open street car of the defendant as they were in the act of alighting.  The second action was by the husband and father, respectively, of the other two plaintiffs for consequential damages.  Writs dated June 6, 1911.

The cases were tried together before *Hitchcock*, J.  The entire testimony of the witness Dora Camberg, mentioned in the opinion, who was called by the plaintiff, and whose testimony was given partly through an interpreter and partly in broken English, was as follows:  In direct examination she testified:  "I got on the car at Marblehead with Mrs. Sholsberg at seven o'clock in the evening. The car was full when it came to Breed's Square.  The conductor stopped the car.  I could not remember whether he cried out any street or stopping place.  I heard the bell ring one time before the car stopped.  Car stopped still, then Mrs. Sholsberg got up and I stand myself and Mrs. Rubin stand.  Mrs. Sholsberg started to go and she fell down and I couldn't go and I stayed inside.  She held the baby in her left hand.  As soon as the car stopped she stepped one foot and the car rang the bell and moved. She started to go off and they rang the bell twice and she fell off. I intended to get off at Breed's Square, the car moved two houses away, then we got off the car."  On cross-examination she testified: "The car rang two times and she (Mrs. Sholsberg) was fall down. At the time of the accident the conductor was standing near us. He rang the bell and started to run, the conductor.  He rang the bell and ran away.  He didn't know she fell and we started to scream.  He rang the bell, she fell and he went off."

Other material evidence is described in the opinion.

At the close of the evidence, the judge ruled "that there was no negligence on the part of the defendant," and ordered verdicts for the defendant. The plaintiffs excepted.

*P. A. Kiely,* for the plaintiffs.

*S. Parsons,* (*H. A. Bowen* with him,) for the defendant.

DE COURCY, J. The plaintiffs, Rose Sholsberg and Myer Sholsberg, mother and son, the latter a child of four years, were passengers on an open car of the defendant and were injured while alighting at Breed's Square in Lynn. There was evidence from which the jury would be warranted in finding the following facts: The body of the car and the running board were crowded with passengers. When approaching Breed's Square the conductor rang one bell and the car came to a stop at a white post. Mrs. Sholsberg, grasping the handle of the car with her right hand, and with her boy on her left arm, stepped down on the running board and was advancing her right foot toward the ground when the two-bell signal was given, the car started and both plaintiffs were thrown to the ground. The screams of passengers called the attention of the conductor to the accident, and he rang the three-bell — or emergency — signal, in consequence of which the car was brought to a stop some two or three car lengths beyond where the plaintiffs were in the street. The time was about eight o'clock in the evening of July 27.

The contention of the defendant that there was no evidence of negligence on the part of the conductor cannot be sustained. Manifestly he could be found to have been careless if he gave the starting signal while Mrs. Sholsberg was stepping down from the running board; and the testimony of Dora Camberg, "He rang the bell, she fell and he went off," seems to be direct evidence to that effect. Aside from this testimony the jury might infer, under the circumstances disclosed, that the bell was sounded by, or by authority of, those in charge of the car. *Killam* v. *Wellesley & Boston Street Railway,* 214 Mass. 283. In fact the conductor admitted that he took no precaution in the way of inquiry or prohibition to anticipate, prevent or countermand the ringing of the starting bell by an unauthorized volunteer, notwithstanding that according to his testimony, the stopping bell had been rung by an intermeddler.

The ruling of the trial judge was made on the evidence and no question of pleading was raised. There was evidence which, if believed, would warrant a finding of due care on the part of the plaintiff Rose on her own behalf and as the person in charge of the plaintiff Myer Sholsberg, and of negligence on the part of the defendant; and the cases should have been submitted to the jury.

*Exceptions sustained.*