JOHN RIZZO *vs.* WINNISIMMET COMPANY.

Suffolk. November 17, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Ferryboat. *Ferry. Evidence,* Relevancy and materiality, Presumptions and burden of proof.

At the trial of an action against a corporation operating a ferryboat on an arm of the sea for personal injuries caused by the plaintiff, as he was leaving the boat, stepping into a space between the boat and the landing float, there was evidence tending to show that by the use of a supplemental drop or gang plank all danger from the existence of such a space, caused by the swinging of the boat with the tide and the action of the waves on its stern, would be obviated, and evidence was admitted, subject to exceptions by the defendant, tending to show that, with the knowledge of the defendant's superintendent, such appliances had been in operation for ten years on other ferryboats in the same harbor and

under conditions similar to those at the defendant's ferry. *Held*, that the evidence was admissible as tending to show that such appliances were practicable and necessary and, in the exercise of reasonable care for the safety of its passengers, should have been adopted by the defendant.

If, at the trial of an action against a corporation operating a ferryboat on an arm of the sea for personal injuries caused, as the plaintiff was leaving the boat, by his falling into a space between the boat and the landing float, there is evidence warranting findings that the space occurred because the mooring chains had not been fully wound upon the drums, and there also is evidence tending to show that, as the defendant's superintendent well knew, all danger from the existence of such a space, which might have been found to have been due to the action of the tide and waves at the stern of the boat, could have been obviated by the use of a supplemental drop or gang plank, and it appears that the plaintiff previously had travelled by the same ferry, and, when he was injured, was not looking closely at his footing, the questions, whether the injury to the plaintiff was caused by negligence of the defendant, and whether the plaintiff was in the exercise of due care, are for the jury.

From the fact that, at the time when a passenger on a ferryboat was injured by stepping into a space left between the boat and the float at which it was docked, "the people were half out of the boat," a jury is warranted in inferring that such disembarkation had taken place in the usual manner and under the direction and upon the invitation of the servants and agents of the corporation operating the ferry.

TORT for personal injuries sustained by the plaintiff, as he was leaving a ferryboat of the defendant, operated between the cities of Chelsea and Boston, by stepping into a space left between the boat and the landing float at the Boston end of the ferry. Writ dated December 21, 1911.

In the Superior Court the case was tried before *Crosby*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. The evidence is not sufficient to warrant a finding for the plaintiff.

"2. The evidence does not warrant a finding that the plaintiff's injury was caused by negligence of the defendant or its agents.

"3. The fact that a space of from four to seven inches existed between the boat and the float, if it was the fact, was not sufficient to constitute negligence on the part of the defendant for which it would be liable to the plaintiff in this case.

"4. The failure to use a gang-plank or apron at the passenger exits between the boat and the float, was not, upon the evidence in this case, negligence which would make the defendant liable to the plaintiff in this action.

"5. The evidence does not warrant a finding that the plaintiff was in the exercise of due care."

The rulings were refused. The jury found for the plaintiff in the sum of $12,000; and the defendant alleged exceptions including exceptions to the refusal to rule as above stated, and to the admission of certain evidence described in the opinion.

*G. L. Mayberry*, (*A. P. Teele* with him,) for the defendant.

*H. E. Perkins*, for the plaintiff.

BRALEY, J. The plaintiff, when leaving the defendant's ferry boat at the slip, caught his foot in the open space between the float and the boat, causing severe injuries for which he has recovered damages, and the case is here on the defendant's exceptions to the admission of evidence, to the refusal of the trial judge to rule as requested, and to so much of the charge as is inconsistent with its requests.

It is well settled, that the defendant, as a common carrier, was required to provide seaworthy and adequately equipped boats, as well as to use well known and approved appliances for the safety of passengers. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312. *Parker* v. *Boston & Hingham Steamboat Co.* 109 Mass. 449. *Marshall* v. *Boston & Worcester Street Railway*, 195 Mass. 284. 6 Cyc. 619.

The evidence fails to show that, after the boat had been moored, the space was necessary to the proper operation of the ferry. The jury, having taken a view, could find that, if the mooring chains had been fully wound on the drums, the aperture would have been closed, yet as a difference in level might exist between the float and the landing deck, as the boat swung with the tide or oscillated from the action of the waves at the stern, they could find further that all danger would have been obviated if a supplemental drop or gang plank had been provided and used. The evidence that, with the knowledge of the defendant's superintendent, an appliance of this character had been in use for at least ten years in the operation of the city ferries under conditions which the jury could say were substantially similar, even if he testified that in his opinion it was not feasible at the defendant's slip, was admissible, as tending to show, as the judge carefully explained to the jury, whether such a device was practicable or necessary for the defendant in the exercise of reasonable care to have adopted

for the protection of passengers. *Le Barron* v. *East Boston Ferry Co.* 11 Allen, 312. *Townsend* v. *Boston,* 187 Mass. 283. If the jury found it should have been furnished and that its absence caused the accident, or if, as the evidence would have warranted, they found that the boat had not been properly fastened by the mooring chains before the passengers were invited to land, there was proof of the defendant's negligence, and the third and fourth requests could not have been given.

Nor could it have been ruled as matter of law that the plaintiff was negligent. The boat had reached its destination, and in common with other passengers he was walking ashore when his foot was caught. It can hardly be said that he should have anticipated such an event, even if he had previously been a passenger on the ferry, and whether he should have looked to his footing more closely, or exercised more circumspection, plainly was a question of fact. *Anshen* v. *Boston Elevated Railway,* 205 Mass. 32, 34.

It is however insisted that, while the chains at the passenger gangways had been taken down, it did not appear that they were removed by the defendant's servants, and *Joy* v. *Winnisimmet Co.* 114 Mass. 63, is cited. In that case the boat, after coming to the wharf, had been secured only on one side. The drop had not been lowered, and the employee whose duty it was to remove the chains testified without contradiction, that at the time of the accident he had not finished securing the boat nor let down the chains, and did not know whether or not they had been lowered. In the case at bar the defendant offered no evidence of any intermeddling, and the jury, from the plaintiff's evidence, would be warranted in finding that "the people were half out of the boat when the accident happened." It does not seem probable, as the jury doubtless found, that disembarkation to this extent could have taken place except in the usual manner and under the direction and upon the invitation of the defendant's employees. *Floytrup* v. *Boston & Maine Railroad,* 163 Mass. 152. *McDermott* v. *Boston Elevated Railway,* 208 Mass. 104. The first and second requests accordingly were rightly denied, and the instructions appear to have been correct.

*Exceptions overruled.*