ISAAC WEIL, executor, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

SAME *vs.* SAME.

Norfolk.    May 19, 1914. — June 17, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Report, Opening statement to jury, New trial. *Negligence,* Street railway.

The question, whether, after a verdict for the defendant in an action at law, it was proper to grant a motion of the plaintiff for a new trial on the ground that rulings of the trial judge, refusing to permit the plaintiff to present certain contentions to the jury and to rule that such contentions were open to the plaintiff on the pleadings and the evidence, were erroneous, properly may be presented to this court by a report of the trial judge, in which he certifies that he is of the opinion that such question should be determined before further· proceedings in the case.

Although, where the declaration in an action of tort against a street railway company for the conscious suffering and death of a passenger in 1908 alleges that the decedent was caused to fall, as he was alighting from an open street car of the defendant, by "gross negligence" of the servants and agents of the defendant in the manner in which they "started, stopped and operated" the car, the plaintiff's counsel in his opening statement to the jury rests the right of recov-

ery on a negligent starting of the car as the decedent was in the act of alighting when the car was at a standstill, if the evidence warrants findings that, while the car was coming to a stop at a regular stopping place and the decedent was stepping to the running board in the act of alighting and was in the exercise of due care, the car suddenly resumed its speed by reason of negligence of the defendant's employees, the word "gross" in the declaration may be disregarded, and the plaintiff is not precluded, by the opening statement of his counsel to the jury, from having the jury pass upon all the issues raised by the pleadings.

At the trial together of two actions against a street railway company, one for the conscious suffering and the other for the death of a passenger who, while alighting from an open street car of the defendant in 1908, was caused to fall to the ground when it suddenly was started, there was evidence which warranted findings that the car was equipped with a system of electric push buttons and bells for the use of passengers in signalling for it to stop, that the decedent, desiring to alight, pressed one of the buttons, that the conductor, hearing the signal, gave a signal by a bell operated by a strap to the motorman, who slackened the speed of the car, bringing it either to a full stop or nearly so at a place designated by the defendant as a regular stopping place for boarding or leaving the car, that the decedent was stepping to the running board of the car when, without any warning being given, the car unexpectedly resumed its speed, throwing the decedent to the ground. *Held,* that there was evidence of negligence on the part either of the motorman or of the conductor.

If an open electric street railway car has come nearly to a stop at a place where passengers generally may be expected to alight, it is negligence on the part of the persons in charge of the car, although they may not have seen any signal by a passenger desiring to alight, to cause the car suddenly to go forward at an accelerated speed without taking precautions to ascertain whether passengers are preparing to alight by stepping to the running board.

If a street railway company equips an open electric car with a system of push buttons and bells operated by electric batteries for the use of passengers in signalling for the stopping of the car, and the system frequently becomes unworkable by reason of exhaustion of the batteries, it is a duty of the company, which it cannot avoid by delegation to others, to keep the system in working order or properly to notify passengers of its disuse, and if a passenger on a car with such a system which is not in working order, not knowing the system to be out of order and relying upon its being in good condition, pushes a button to signal for the stopping of the car, hears a strap bell signal given to the motorman for the stopping of the car and thinks it is in response to the signal he has given, and, as the car slackens its speed and comes nearly to a stop at a regular stopping place, steps upon the running board to alight, from which he is thrown to the ground by a resumption of accelerated speed by the car and receives injuries which result in his conscious suffering and death, such injuries may be found to have been caused by negligence of the company in not performing its duty as to the system of push buttons and bells.

Where the judge presiding at the trial of an action of law, by refusing, subject to exception by the plaintiff, to permit the plaintiff to present to the jury certain contentions which were open to him upon the pleadings and the evidence, and by refusing to give certain rulings of law, unduly narrows the issues to be pre-

sented to the jury, who find for the defendant, the plaintiff not only may present his contentions to this court by a bill of exceptions, but also may present them to the trial judge as the basis of a motion for a new trial.

Two ACTIONS OF TORT, the first for conscious suffering and the second for causing the death of Hannah Levy, the plaintiff's testatrix, who was alleged to have been thrown to the ground as she was alighting from an open street railway car of the defendant on August 1, 1908, by reason of "gross negligence" of the defendant's servants and agents in the manner in which they "started, stopped and operated" the car. Writs dated September 15, 1908.

In the Superior Court the cases were tried together before *Aiken,* C. J. In his opening statement to the jury, counsel for the plaintiff stated that the deceased, while a passenger on one of the defendant's open cars on Beacon Street, Boston, travelling toward Boston from Brookline and bound to a point near the corner of Maitland and Beacon streets, signalled for the car to stop just before the car reached Maitland Street by pressing an electric push button on the stanchion of her seat; that she thereupon heard a bell ring at the front of the car; that the car immediately began to slow down and stopped at the usual stopping place, and that, just as the plaintiff's testatrix was about to step from the running board of the car to the ground, the car started up again, throwing her to the ground.

Material facts which the evidence tended to prove are stated in the opinion.

At the close of the evidence and before the charge to the jury, the plaintiff's counsel stated to the Chief Justice that the plaintiff contended, and requested to be permitted "to argue to the jury that, even if the car had not come to a full stop, yet if the plaintiff's testatrix was injured by its being carelessly started up while she was alighting, it is a question of fact for the jury whether under all the evidence she was in the exercise of due care and entitled to recover;" also that the plaintiff contended, and desired to argue, "that the plaintiff is not necessarily bound to establish that the car came to a full stop before the deceased alighted;" also that the plaintiff contended and requested to be permitted "to argue to the jury that if the deceased pushed the electric button in ignorance of the fact that it was not working and heard

a bell ring at the front of the car and the car came so nearly to a stop at a regular stopping point that she could reasonably and prudently step off, and she believed that the car was stopping in response to her signal, and stepped off, and at the same instant the motorman, without any signal from the conductor and without looking to see whether any one was getting off, started up the car and this threw the deceased to the ground and was the immediate and direct cause of her death, the plaintiff, if otherwise entitled to recover, would not be precluded therefrom by the fact that the car had not come to a full stop."

The Chief Justice, subject to exceptions by the plaintiff, refused to permit the plaintiff's counsel to argue as he requested, and also refused requests for rulings based on the contentions he stated, and instructed the jury that, if the plaintiff's testatrix was attempting to alight from the car before it had come to a stop, the plaintiff could not recover.

The jury found for the defendant in both cases. The plaintiff thereupon moved for a new trial of the cases, and, subject to exceptions by the defendant, the Chief Justice granted the motion, making the following statement in his order: "In the submission of the above named cases to the jury, I so narrowed the issue that the plaintiff was deprived of opportunity to have the jury pass upon aspects of the case which in my opinion were open on the pleadings and the evidence."

Thereafter exceptions were filed, presented to this court and dismissed, by a decision reported in 216 Mass. 545, on the ground that they were presented prematurely.

Thereafter the Chief Justice reported to this court for determination the questions of law presented by the order setting aside the verdicts and by the rulings made in connection with the order and by the other rulings of law in the cases, as shown in the record, stating that he was of the opinion that they ought to be determined before any further proceedings in the Superior Court, and that all further proceedings in the Superior Court except such as were necessary to preserve the rights of the parties ought to be stayed until they were determined.

The cases were submitted on briefs.

*W. G. Thompson* & *G. E. Mears,* for the defendant.

*E. F. McClennen* & *J. J. Kaplan,* for the plaintiff.

BRALEY, J.   The first and decisive question for decision is, whether after verdicts for the defendant the ruling of law granting new trials on the plaintiff's motions, because the issue was so narrowed in the instructions "that the plaintiff was deprived of opportunity to have the jury pass upon aspects of the case which . . . were open on the pleadings and the evidence," was erroneous. If the ruling is right the plaintiff's exceptions taken to rulings during the trial become immaterial.   The rights of the defendant also are fully protected.   The ruling made as the basis for the action of the Chief Justice of the Superior Court, while reviewable on the exceptions taken by the defendant, who for the first time became the party aggrieved, is open on the report, although the exceptions would not be ripe for entry in this court until the case had been finally disposed of in the trial court.   *Shanahan* v. *Boston & Northern Street Railway,* 193 Mass. 412.   *Loveland* v. *Rand,* 200 Mass. 142.   *Brooks* v. *Shaw,* 197 Mass. 376, 378, 379, and cases cited.   R. L. c. 173, § 105.   *Foote* v. *Cotting,* 195 Mass. 55, 64.

The actions are tort for personal injuries causing the conscious suffering and death of the plaintiff's testatrix while a passenger on one of the defendant's open cars.   It is alleged in the declarations, that her injuries and death were caused by the gross negligence of the defendant's servants through the manner in which they "started, stopped and operated" the car.   The word "gross" may be disregarded, leaving the allegations sufficiently full and inclusive to permit proof on either ground of their negligent conduct in the management of the car.   *French* v. *Lawrence,* 190 Mass. 230, 232.   St. 1907, c. 392.   *Cooney* v. *Commonwealth Avenue Street Railway,* 196 Mass. 11, 16, and cases cited.   And although the counsel for the plaintiff in opening rested the right of recovery on the negligent starting of the car as the decedent was in the act of alighting, his statement did not preclude the plaintiff from fully presenting, and having the jury pass upon all issues of fact raised by the pleadings.   *Minchin* v. *Minchin,* 157 Mass. 265.   It is only where the facts which the plaintiff proposes to prove fail as stated in the opening to bring the case within the declaration, that the defendant properly may ask that a verdict be ordered for him.   *Hey* v. *Prime,* 197 Mass. 474, 475.   *Lee* v. *Blodget,* 214 Mass. 374, 377.

It is unnecessary to recite at length the voluminous testimony.

The jury upon the conflicting and irreconcilable statements of the witnesses would have been justified in finding, that, the car having been equipped with a system of electric push buttons for the use of passengers, the decedent, desiring to alight, pressed a button on the stanchion of her seat. The signal being heard by the conductor, he rang the strap bell in the motorman's end of the car. Thereupon the motorman in response slackened speed, bringing the car either to a full stop, or nearly to a full stop at a place designated by the company for passengers to board or leave the car, and as the decedent using due care was stepping to the running board, the car, without any warning being given, unexpectedly resumed its speed, throwing her to the ground. The jury had the right to say on the testimony of even one witness that the bell had been rung by the conductor, and not by a volunteer without the knowledge of the conductor. *Killam* v. *Wellesley & Boston Street Railway,* 214 Mass. 283. If not satisfactorily explained, these facts were evidence of negligence on the part of either the conductor or the motorman. *Lucarelli* v. *Boston Elevated Railway,* 213 Mass. 454. *Vine* v. *Berkshire Street Railway,* 212 Mass. 580. *Killam* v. *Wellesley & Boston Street Railway,* 214 Mass. 283. *Gray* v. *Boston Elevated Railway,* 215 Mass. 143.

But even if the position or conduct of the decedent indicating her desire and purpose to alight was not directly noticed by the conductor or the motorman, the jury could find that the car had been almost stopped where passengers generally might be expected to depart, and suddenly to go on at accelerated speed, without taking due precautions to ascertain whether passengers intending to get off and relying on the implied invitation were preparing to alight by stepping to the running board, also was evidence of negligence. *Hill* v. *West End Street Railway,* 158 Mass. 458. *Lacour* v. *Springfield Street Railway,* 200 Mass. 34. *Nolan* v. *Newton Street Railway,* 206 Mass. 384.

It is furthermore plain, that, if the jury believed the evidence of the motorman and of the defendant's foreman, the system of push buttons had become unworkable by reason of the exhaustion of the batteries. The evidence shows, that the batteries frequently ran down, and that the conductor or motorman could have ascertained whether they were usable, but that neither made any investigation or informed passengers that the signal could not be given.

It is not an excuse, that the duty of inspection of the batteries after a car had been run three hundred miles which covered a period of three or not exceeding four days' service, had been delegated to other employees. The car as equipped was a regular and not a special car. It had been sent out as providing to the public a safe mode of conveyance. It was to be "operated" by the motorman and conductor to whom its management had been entrusted. The proper discharge of their several duties comprised a reasonable supervision of all instrumentalities furnished for the use and convenience of passengers to enable them to give notice whenever they wished to terminate the transit at a regular stopping place. The jury accordingly would have been warranted in finding further from the length of time during which the conductor and motorman had been in charge of the car on the day of the accident and before its occurrence, that the defendant's employees in the discharge of their respective functions should have been aware of the breakdown of the apparatus, and, if upon examination the defect could not be remedied by them, they should have taken suitable measures for the protection of passengers who through ignorance of what had taken place might be misled to their harm. Indeed the motorman testified, that in the absence of any rule of the company to the contrary, if he heard the push button signal when the car was approaching an ordinary stopping place, he sometimes stopped the car even if he "got no bell from the conductor." The decedent is not shown to have had any knowledge of this defective condition, and if the jury were satisfied that in reliance upon the attempted signal, and induced by the belief when the strap bell rang that the signal had been recognized, she left her seat while the car was barely moving, approached the side of the car, and prepared to step to the running board, there was evidence for their consideration that the negligent failure of the conductor or motorman to ascertain whether the push buttons were in working order was the efficient cause of the accident. *Doe* v. *Boston & Worcester Street Railway*, 195 Mass. 168, 171, 172, and cases cited. *McGarry* v. *Boston Elevated Railway*, 195 Mass. 538, 540.

The plaintiff having been entitled to go to the jury upon all the grounds of alleged liability shown by the evidence, the ruling at the trial, that he could not recover under the pleadings and the

opening unless the car had come to a full stop and then was started before the decedent had a reasonable opportunity to depart, unduly restricted his rights.

While the plaintiff might have resorted to his exceptions for the rectification of this error, he also could move for a new trial because of a misdirection in law. R. L. c. 173, § 112. *Anthony* v. *Travis,* 148 Mass. 53, 57. *Nagle* v. *Laxton,* 191 Mass. 402, 403.

It follows that by the terms of the report the order granting the motions is to stand, and there is to be a new trial in each case.

*So ordered.*