CATHERINE SHEA, administratrix, *vs.* AMERICAN HIDE AND
LEATHER COMPANY.

Middlesex.     December 4, 1916. — March 13, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Employer's liability.  *Evidence*, Circumstantial.

In an action by an administrator for causing the conscious suffering and death of
the plaintiff's intestate when in the employ of the defendant, where there is
evidence that the machine by which the intestate was injured was defective,
although no defect was visible, that the defective condition had existed for
some time before the injury and that the defendant's superintendent had been
informed of it, this entitles the plaintiff to go to the jury, although the defend-
ant has introduced evidence, which the jury is not bound to believe, that the
accident happened because of a hidden flaw on the inside of one of the arms of
the machine.

In the same case it was *held* that the fact, that a hood or bonnet which came down
over the front of the cylinder did not conceal the journal boxes, did not make
the danger an obvious one or show that the intestate was careless or that he
assumed the risk of injury, he having had no information or warning that the
machine was defective or out of repair.

In the same case, although there was no direct evidence that the intestate started
the machine, there was evidence that at about a quarter before seven o'clock
in the morning the intestate had been seen putting on his apron, that at seven
o'clock the machine was started, that shortly after this a crash was heard and
the accident had happened, and that the machine was running when the in-
testate was injured.  *Held*, that, it being the duty of the intestate to start the
machine, near which he had been seen getting ready to begin his work, in the
absence of evidence to the contrary, it was a fair inference that he started the
machine.

In the same case, where it appeared that the machine was a drum-setting machine
used for smoothing and straightening out rough leather, there was no direct
evidence that the intestate put a piece of leather on the drum, but it appeared
that after the injury a piece of leather was found there and that it was the in-
testate's duty to place it there, and it was *held*, that the jury properly might
infer that it was placed there by him and accordingly might find that he was
engaged in the discharge of his duty when he was injured and was not negligent,
the injury having been sustained before the passage of St. 1914, c. 553.

TORT by the administratrix of the estate of Edmund Shea,
late of Woburn, for the conscious suffering and death of the plain-
tiff's intestate caused by his injury on April 29, 1912, while he
was in the defendant's employ, by reason of a defect in the ways,
works or machinery of the defendant or by reason of the negli-

gence of one acting as superintendent or of a person entrusted with and exercising superintendence. Writ dated September 11, 1912.

At the first trial of this case in the Superior Court before *Morton,* J., the jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which were sustained by a decision of this court reported in 221 Mass. 282.

The case was tried again before *Brown,* J. The evidence at the new trial is described in the opinion. At the close of the evidence, the defendant asked the judge to order a verdict for it. This he refused to do, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,000, of which $500 was for conscious suffering and $2,500 was for causing the death of the intestate. The defendant alleged exceptions.

*E. C. Stone,* for the defendant.

*E. J. Fegan,* for the plaintiff.

CARROLL, J. In the previous decision in this case (221 Mass. 282) the defendant's exceptions were sustained. At the new trial in the Superior Court there was a verdict for the plaintiff, and the defendant excepted to the refusal of the judge to direct a verdict in its favor.

Edmund Shea, the intestate, was employed on a drum-setting machine, which is described in *Shea* v. *American Hide & Leather Co.* 221 Mass. 282. He began work Thursday, April 25, 1912, and was killed on the morning of the following Monday. There was evidence that the machine did not "seem to set or run level in the boxes;" the cylinder boxes were loose, as were the cap bolts, and, in the opinion of at least one witness, the cylinder was too large for the frame. This defective condition existed for some time before the day of the injury and the defendant's superintendent had been informed of it. The defendant introduced evidence tending to show that the accident happened because of a hidden flaw on the inside of one of the arms. The jury were not bound to believe this evidence, *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314, and it was contradicted, a witness for the plaintiff testifying that there was no flaw or defect in the arm and it was not a defective casting. The negligence of the defendant, therefore, properly was a question for the jury. *Shea* v. *American Hide & Leather Co., supra.*

At the first trial, reference was made to the hood or bonnet, which came down over the front of the cylinder and hid the view of the journal boxes. At the last trial it was in evidence that while the hood covered the cylinder, it did not conceal the journal boxes. This fact did not make the danger obvious, and was not sufficient to show that the intestate was careless or that he assumed the risk. Although he was a man of experience in operating leather machines, no information or warning was given him that this particular machine was defective or out of repair. The screws were in place and it was in condition for use when left by the operator on April 24. From his evidence it properly might be inferred that no defect was visible; and there was nothing to show that during the time of Shea's employment its appearance had been changed.

On the morning of April 29, about seven o'clock, shortly after the machinery had been started, a crash was heard. The intestate was found "as if thrown backward on a pile of leather" in front of the machine, the pulleys of which were broken, the belts and boxes torn loose, one of the arms bent at right angles, and on the drum was a piece of leather. The cylinder was "right across Shea," and one end of it was over his chest. Before the machinery was set running, at about quarter to seven o'clock, the intestate had been seen putting on his apron. It did not appear who started the machine, but it was running at the time of the injury. Shea was near it, getting ready to begin his work and naturally it would be his duty to start it; in the absence of evidence to the contrary, the fair inference would be that he did so.

There was no direct evidence, as at the previous trial, that Shea put a piece of leather on the drum. But a piece of leather was found there after the injury, and, as it was his duty to place it there, the jury properly might find that it was done by him. The defective condition of the machine caused the injury and death. The employee was in the discharge of his duty and sufficient circumstances are shown to exclude any act of negligence on his part. *Shea* v. *American Hide & Leather Co.*, *supra*.

*Exceptions overruled.*