Caer, J.
This is an action of tort in which the plaintiff' seeks to recover damages for personal injuries alleged to have been sustained as the result of having been bitten by a dog owned and kept by the defendant.
In such an action by the provisions of the acts of 1934, chapter 320, section 18 (amending G. L. (Ter. Ed.) chapter 140, sec. 155) the burden is thrown upon the plaintiff to prove that at the time the injury was sustained he was not committing a trespass or other tort or was not teasing, tormenting or abusing the dog. On these issues the plaintiff is not aided by G. L. (Ter. Ed.) chapter 231, sec. 85 relating to ordinary civil actions in which it is provided that the person injured shall be presumed to have been in the exercise of due care and that contributory negligence shall be an affirmative defence. Sullivan v. Ward, 304 Mass. 614. Murray p. p. a. v. Crandall, (No. 393667) 46 App. Div. 97, of this court for an earlier decision to the same effect.
*205 The defendant’s principal contention is that the plaintiff has not sustained the burden of proof imposed upon him by said act of 1934 to prove that at the time the injuries were sustained he was not teasing or tormenting or abusing the dog.
The defendant separately and apart from the above contention argued that the burden was on the plaintiff to prove due care on his part and cites Ryan v. Marren, 216 Mass. 556, relating to said chapter 140, sec. 115 before amendment. It is not necessary to decide whether the latest amendment to the dog statute created an entirely new cause of action as did the section it superseded (Canavan v. George, 292 Mass. 245, 247) and by specification limited the burdens which the plaintiff must carry. The burden which the latest amendment threw on the plaintiff- was clearly specified to be that at the time the injury was sustained he was not committing a trespass or other tort or was not teasing, tormenting or abusing the dog. If there are any acts of contributory negligence not included in the above described trespass, tort and teasing, tormenting and abusing, they are left within the provisions of Gr. L. (Ter. Ed.) chapter 231, sec. 85 and the burden on the defendant to prove them. As was said in Sullivan v. Ward, supra, p. 616; chapter 231, sec. 85 “relates to the general concepts of ‘due care’ and ‘contributory negligence’, not to specific conduct” described in the present dog statute.
We therefore give no further attention to the general subject of contributory negligence and consider the principal argument of the defendant that the plaintiff has failed to sustain his burden that he was not teasing, tormenting or abusing the dog.
What the defendant apparently means is that the plaintiff omitted to offer evidence directly affirmative on the subject.
*206 To sustain this burden thrown upon the plaintiff by the amended act it was not necessary to produce direct affirmative evidence on the subject. If he produced evidence from which it can be inferred that conduct not within the ban of the amended act was more likely, that was sufficient. Martell v. Dorey, 235 Mass. 35, 41. Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250, 251.
Before the practice act was amended by what is now section 85 of chapter 231, when the burden was on the plaintiff to show that he was in the exercise of due care, such care could be inferred “from mere absence of fault, when sufficient circumstances are shown to exclude the idea of negligence”. Thus for example if a person were in the place where he might rightfully be engaged in his duties or if a passenger were sitting quietly in his seat in a railroad car, they might be found to have been in the exercise of due care. Maguire v. Fitchburg Railroad Co., 146 Mass. 379, 382.
So where the evidence narrated the progress of the plaintiff from the sidewalk to' the street and track behind the car, and the following of the car until he fell in the hole, due care could be inferred. Prentiss v. Boston, 112 Mass. 43, 47, 48.
So a plaintiff in sustaining his burden of showing negligence is not bound to show the particulars of the defendant’s negligence. It is enough if he shows facts from which negligence may be inferred. Melvin v. Pennsylvania Steel Co., 180 Mass. 196, 202. Heuser v. Tileston & Hollingsworth Co., 230 Mass. 299, 302.
So ownership of a party wall from which a part of the capping fell on the plaintiff may be inferred from the relative heights of the buildings. Yorra v. Lynch, 226 Mass. 153, 155.
Cases where burden of proof has been sustained by inference from evidence not direct and positive are numerous. *207 Rizzo v. Winnisimmet Co., 217 Mass. 19, 22. Murphy v. Bay State Wine & Spirit Co., 212 Mass. 285, 286. Thyng v. Fitchburg Railroad Co., 156 Mass. 13, 16. Gaynor v. Old Colony etc. Ry. Co., 100 Mass. 208, 212. Hinckley v. Cape Cod Railroad Co., 120 Mass. 257, 262. Shea v. American Hide & Leather Co., 226 Mass. 355, 357. Prince v. Lowell Electric Light Corp., 201 Mass. 276, 281.
In this case the evidence as to the conduct of the plaintiff is as follows: at about noon time the plaintiff, a roofer, who resided at 56 Cottage Street in Chelsea, was walking along Washington Avenue, Chelsea, on his way home to dinner; as he was passing 284 Washington Avenue a yellow dog about 3 feet high jumped upon him and bit him * * * he was taken into the defendant’s house where a bandage was put on his arm and on the defendant’s wife suggesting to him “that he sit down and she would call the doctor” (the defendant) he replied, “No, I am in a hurry.”
The fair inference from this evidence is that the plaintiff, a roofer, had left his employment at noon and was hurrying along Washington .Street on his way home to dinner. There is nothing to suggest that this man hurrying home to dinner on his noon hour was stopping to tease, harrass or abuse the dog. If the evidence needs patching out, it has the benefit of the presumption or assumption that as a human being, the plaintiff’s conduct was proper, regular and innocent. Payne v. R. H. White Co., 314 Mass. 63, 66.
It is true that dogs belong to the class of domestic animals which are difficult to confine and are traditionally regarded as unlikely to do substantial harm if allowed to run at large. (Restatement Law of Tort sec. 518 (2) j). But they have not the attributes of human beings and however they are regarded as a class, in the absence of evidence on the subject, there is no presumption as to the conduct of an individual dog. The former requirement under common law of proof of dangerous tendencies was to show that the *208 owner, because of his knowledge, was negligent in not restraining or otherwise dealing with the animal.
While it is true that there is no wrong in allowing the ordinary dog to run at large, the animal is undoubtedly in a 'better position while at home than abroad. No ordinary person has the right to go upon the premises of the master and kill a dog who is dangerous. Uhlein v. Cromack, 109 Mass. 273. On the other hand.any person may kill a.dog which suddenly assaults him while he is peacefully standing, walking or riding outside the enclosure of its owner G. L. (Ter. Ed.) chap. 140, see. 156 as amended by acts 1934 chap. 320, sec. 19. He is under no duty to show the previous habits of the dog.
The defendant at the trial asked the court to rule that the plaintiff had not sustained the burden of showing that he was not committing a trespass. In his brief before this division, he very properly abandoned this contention, doubtless recognizing, in accordance with the foregoing discussion and the cases cited, that the mere narration in the evidence that the plaintiff was travelling along Washington Avenue, warranted, if it did not require, a finding that he was not committing a trespass.
The defendant has also argued that the plaintiff had proved neither that the defendant was the owner nor that he was the keeper of the dog. The report, however, recites that there was evidence that “the dog * * * belonged to one Samuel H. Zole * * * for whom the defendant for about a year prior to August 30,1945 and on that day was keeping and caring for the dog”. (August 30' was the day of the attack). The defendant insisted in oral argument before us that there was no such evidence at the trial. Such argument had no place at that time. This division is bound by the statements in the report. If the defendant had filed an original draft report not containing this evidence which he thought more accurate than the report of the judge, his *209 remedy was to petition to have his original draft established..
The defendant has further argued that the plaintiff cannot recover because having alleged in his declaration that the defendant was both the “owner and keeper” of the dog, he was bound to prove both allegations and that it was not enough to prove one. If there was a variance between the declaration and the proof, the time to take advantage of it was at the trial when the fault, if any, could have been corrected by amendment. Weiner v. Schulte, Inc., 275 Mass. 379, 385. Curran v. Burkhardt, 310 Mass. 466, 467-468. Report dismissed.