## MICHAEL McGLYNN vs. MAYNOR D. BROCK.

In an action for rent under a written lease, evidence of an oral agreement, contemporaneous with the making of the lease, that the lessee might surrender the premises at any time, was excluded so far as it tended to prove such agreement, but admitted so far as it threw light upon facts which the lessee claimed constituted a surrender. *Held*, that the lessee had no ground of exception.

A decision by a judge at a trial that there is such evidence that A. B. was an agent of one of the parties, as to warrant the submission to the jury of writings of A. B. purporting to act as such agent, if open to exception at all, is so only when the bill of exceptions sets forth all the evidence upon which the decision was made.

In an action against a lessee on his covenant to pay rent, it is no defence that the premises had been occupied not by the lessee, but by a person from whom the lessor had at previous times received rent, and that no demand for the rent sued for had been made either on such person or on the lessee.

CONTRACT to recover the rent of a house on Anderson Street in Boston for the month of November 1869, on the covenants of a lease from Henry Pearson to the defendant for three years from August 1, 1867. The declaration alleged the making of the

lease, a sale of the leased premises and assignment of the lease by Henry Pearson to the plaintiff, November 5, 1867, and a non-payment of the rent for November 1869. The answer set up a surrender of the premises and lease by the defendant to Henry Pearson, an acceptance of the same, and a discharge of the defendant, prior to the sale and assignment of the premises and lease to the plaintiff, in accordance with an agreement between the defendant and Henry Pearson, made at the time of the execution of the lease. Trial in the Superior Court, before *Dewey*, J., who, after a verdict for the plaintiff, allowed the following bill of exceptions :

" The plaintiff introduced the lease and assignment, and a certified copy of the deed of the premises from Henry Pearson to him, and evidence tending to show that the rent for November 1869 was not paid.

" The defendant introduced evidence tending to show that he surrendered the lease and the premises on November 2, 1867, and the same were accepted on that day by Henry Pearson. And he offered to show that the lease was taken by him for the benefit of Frances E. Newcomb ; that at the time of the making of the lease and the contract of letting, it was agreed by and between the defendant and one Peterson, who acted in letting the premises as agent for Henry Pearson, that the defendant should have the privilege of surrendering the premises and his lease at any time when Frances E. Newcomb desired to move out, and be discharged therefrom ; that said agreement was not reduced to writing, and was not put into the lease ; and that the lease and premises were surrendered and accepted in accordance with said oral agreement. To the admission of this evidence the plaintiff objected ; and the admission of said evidence, as far as it was offered to show an agreement made at the time the lease was executed, as to surrendering it, the judge excluded. But he allowed the defendant to introduce evidence as to the surrender and acceptance ; that on November 2, 1867, the defendant came to Peterson, and, handing to him the written lease that he had, said that Frances E. Newcomb had left, and he had brought back the lease ; and that Peterson subsequently communicated the same to

Henry Pearson, who said in reply, ' All right, let the premises again.' The judge gave instructions to the jury as to what acts were necessary to operate as a cancellation or surrender of the lease, to which no objection was made.

" It was admitted that the defendant had never occupied the premises himself, and he introduced evidence tending to show that he had never paid any rent himself for the premises.

" The plaintiff, to rebut the defendant's evidence of a surren-der, offered in evidence, among other matters,. three receipts, purporting to be receipts for rent of the premises from Zelia M. Roberts, after the date of the surrender claimed by the defend-ant ; proved that these receipts, and the defendant's signature thereto, were in the handwriting of Samuel F. Pearson ; and asked the defendant, when on the stand, if he authorized the giving of them or knew anything about them. The defendant testified that he did not authorize them ; that Samuel F. Pearson was not in any way his agent ; that he knew nothing about the receipts, and never saw them or knew that they were given until he saw them in court ; and that he never received any money of Zelia M. Roberts for rent ; and he objected to the admission of the receipts in evidence for any purpose ; but the judge admitted them, and permitted them to be read and to go to the jury.

" The plaintiff claimed, on other evidence in the case, that Samuel F. Pearson was authorized to give said receipts for the defendant. The judge instructed the jury that the receipts were not evidence against the defendant, and were not to affect him unless they were satisfied that Samuel F. Pearson was authorized to act for the defendant, and that was a question for their con-sideration.

" The defendant requested the judge to instruct the jury, that if the defendant had never himself occupied the premises, nor paid the rent reserved by the lease, and the party who was occu-pying had paid the prior rent, the plaintiff must prove a demand of the rent of the defendant, or at least, upon the premises, of the person in occupation, before he could sustain these actions ; but the judge declined so to rule, or to make any ruling in regard thereto." The defendant alleged exceptions.

*R. Lund*, for the defendant.

*S. J. Thomas & C. Abbott*, for the plaintiff. .

WELLS, J.   The first point in this case turns mainly upon the construction to be given to the bill of exceptions.   It is clear that the defendant could not modify his rights or liabilities as lessee by proof of a contemporaneous parol agreement.   But it is contended that he might prove such a verbal understanding at the time of making the lease, in order to throw light upon and give force to the evidence upon which he relied to show that there had been a surrender of the lease and an acceptance thereof or an acquiescence therein by the lessor.   And we think he might do so.   But as we construe the exceptions, the evidence was excluded only so far as it was offered for the former purpose, and not as to any bearing it might have for the latter purpose, above stated.

As to the second point, in regard to the admission of receipts signed by Samuel F. Pearson, we must take it to be true, according to the statement of the bill of exceptions, that there was " other evidence in the case, that Samuel F. Pearson was authorized to give said receipts for the defendant."  The question whether it was sufficient to warrant the court in submitting the receipts to the jury, is not before us.   The decision of the judge, presiding at the trial, if not conclusive upon such a question, cannot be revised without a statement of all the evidence bearing upon the point.   Whether Pearson was so authorized, was a question upon which, in any event, the jury must pass, before giving any effect to the receipts as evidence.   The instructions in this regard were right.

The defendant was liable upon his express covenant.   Non-payment of rent, of itself, constituted a breach.   Occupancy by others, and receipt of rent from them by the lessor, at other times previously, did not release the defendant nor modify his contract.

No demand of rent was necessary to be made upon the occupants. *Exceptions overruled.*