In the Matter of the Compulsory Judicial Settlement of the Account of ROBERT DIETZEL, as Administrator, etc., of THERESA DIETZEL, Deceased.

ROBERT DIETZEL, as Administrator, etc., of THERESA DIETZEL, Deceased, Appellant; HERMAN WEBER, as General Guardian of THERESA DAFELDECKER, Respondent.

*Surrogate's decree confirming the report of a referee — an appeal therefrom must be heard on the testimony filed by the referee and acted on by the surrogate — remedy of the injured party.*

An appeal taken from the decree of a surrogate confirming, after exceptions had been filed thereto, the report of a referee upon questions arising upon the accounting of an administrator, with which report a transcript of the testimony was filed by the referee, must be heard upon the testimony upon which the surrogate acted, and the transcript thereof so filed cannot be amended by the Appellate Division after the entry of the surrogate's decree based thereon. The remedy of the injured party is to make his objection in the Surrogate's Court before the motion to confirm the report is heard and determined.

MOTION by Robert Dietzel, as administrator, etc., of Theresa Dietzel, deceased, for an order of the Appellate Division resettling the case on appeal herein as heretofore settled by the referee, so as to amend said case on appeal, in accordance with the affidavit of the appellant's attorney.

*M. Hallheimer*, for the motion.

*Fernando Solinger*, opposed.

WILLARD BARTLETT, J.:

In this case the administrator has appealed to the Appellate Division from a decree of the Surrogate's Court of Kings county settling his account. From an examination of that decree it appears that, after objections had been duly filed, the surrogate made an order referring the account and objections to a referee to examine the same, and to hear and determine the questions arising upon the settlement of the said account which the surrogate had power to determine, and to make a report of the proceedings and determination to the Surrogate's Court with all convenient speed, "subject, however, to confirmation and modification by the surrogate." It further appears that the referee filed with his report a transcript of the testimony offered before him in behalf of the respective par-

ties; that exceptions to the report were also duly filed by the administrator, and that such exceptions were overruled and the report of the referee was confirmed by the decree appealed from.

In order to prepare his appeal papers, the learned counsel for the administrator seems to have regarded it as necessary to procure a case on appeal to be settled by the referee. Being dissatisfied by the referee's settlement thereof, he has presented to this court a long affidavit, pointing out numerous errors which he alleges have been made by the referee in the allowance of various amendments proposed by the attorney for the respondent. Upon this affidavit he asks the Appellate Division to resettle the case on appeal so as to make it conform to his statement of what actually took place before the referee  The respondent opposes the motion with an affidavit of his attorney, which declares that the case was settled fairly and in exact accordance with the stenographer's minutes.

We are of the opinion that the parties have proceeded upon a mistaken notion of what is the proper practice in a case of this kind. The decree of the Surrogate's Court is to be brought up for review, and what this court must have before it in order to determine whether that decree was correct or not is the evidence upon which the learned surrogate based his judicial action. That evidence consists of the testimony, a transcript of which was filed with the referee's report. This transcript cannot be changed now in any respect. To permit it to be amended would be to allow the parties to bring before this court a record which was not before the surrogate when he made his decision. If the administrator was not satisfied with the transcript as filed by the referee, he should have made his objection in the Surrogate's Court before the motion to confirm the referee's report was heard and determined.

In view of the nature of the appeal, the appeal book should consist solely of those papers which the surrogate had before him for consideration in making the decree appealed from. Those papers must be on file in the Surrogate's Court, and should be certified by the clerk of that tribunal.

Motion denied.

All concurred.

Motion for order directing resettlement of case on appeal denied, without costs.