MARY GALLAGHER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 21, 1927. — March 24, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* New trial, Exceptions.

A motion for a new trial of an action of tort for personal injuries rests entirely in the sound judicial discretion of the trial judge, whose decision is final; and where there is nothing to show an abuse of judicial discretion, exceptions will not be sustained to a refusal by the trial judge to rule, at the hearing of such a motion presented by a defendant, that the verdict was against the evidence, or that the verdict was against the weight of the evidence, or that the verdict was against the law as given by the court to the jury, or that the damages were excessive.

TORT for personal injuries. Writ dated April 8, 1924.

In the Superior Court, the action was tried before *Lawton,* J. There was a verdict for the plaintiff in the sum of $7,500. The defendant moved for a new trial; the rulings stated in the opinion were refused and the motion was denied. The defendant alleged exceptions.

*R. L. Mapplebeck,* for the defendant.

*M. C. Kelleher,* (*J. E. Caulfield* with him,) for the plaintiff.

BY THE COURT. The question raised by this bill of exceptions is whether the trial judge committed error of law in refusing to grant certain requests for rulings on a motion for a new trial. The requests refused were that (1) the verdict

was against the evidence; (2) the verdict was against the weight of the evidence; (3) the verdict was against the law as given by the court to the jury; and (4) the damages were excessive. The motion was denied. Some points argued by the defendant could have been raised at the trial on the merits. Commonly they are not examined on a motion for a new trial. *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 24, and cases there collected. A motion for a new trial in a case like the present rests entirely in the sound judicial discretion of the trial judge, whose decision is final. There is nothing to show an abuse of judicial discretion in the case at bar. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 495–497. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 39, and cases cited. The circumstances of the case at bar call for the application of this general rule.

*Exceptions overruled.*