JAY I. MOSKOW *vs.* THOMAS F. BURKE.

Suffolk.    January 15, 1929. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil*, New trial, Oral inquiry of jury at return of verdict, Re-
quests, rulings and instructions, Exceptions. *Contract*, Abrogation.
*Evidence*, Relevancy and materiality, Competency. *Witness*, Contra-
diction, Cross-examination. *Waiver*.

At the hearing of a motion for a new trial of an action at law, the judge
need not pass upon requests by the moving party for rulings relating
to matters that might have been raised at the trial.
By the pleadings in an action for breach of a contract by the defendant to
sell real estate to the plaintiff, the question was raised, whether, upon
the defendant's discovering that he was unable to carry out a portion
of his agreement which required him to procure an extension of a mort-
gage then on the premises and so reporting to the plaintiff, the parties
had abrogated the agreement by mutual consent. The action was
submitted to the jury with instructions, to which no exception was
taken, in effect that, if there was such abrogation, the plaintiff could
not recover. Upon the coming in of the jury with a verdict for the
defendant, the judge asked whether they found the contract was abro-
gated by mutual consent and the foreman answered, "That is what we
found." The plaintiff filed a motion for a new trial the next day, but
did not learn until ten days later, when the motion was argued, that
the special question had been asked. He at no time saved an exception
to its being asked. *Held*, that
    (1) The attempt, at the hearing of the motion for new trial, to ques-
tion the propriety of the judge's inquiry of the jury came too late;
    (2) The inquiry by the judge was a proper exercise of his discretion;
    (3) A contention by the plaintiff that the evidence would not justify
a finding of rescission or abrogation was not open on the record.
A provision of the contract which was the subject matter of the action
above described was that, if the title were defective at the time agreed
upon for a conveyance, the agreement should be at an end and a de-
posit made by the plaintiff should be returned. It appeared that, when

the agreement was made, the defendant did not own the property, but was merely a mortgagee in possession. In cross-examination, the plaintiff testified that, when the agreement was signed, he knew that the defendant was in possession of the property as mortgagee because an article in a newspaper which first brought the property to his attention had so stated. Subject to the plaintiff's exception, the defendant thereafter was permitted to testify that before the agreement was signed he told the plaintiff that he was mortgagee in possession; the judge admitted the testimony, not to alter or contradict the written instrument later executed, but to contradict the plaintiff. *Held*, that, even if the evidence should have been excluded, which was not decided, the error must be treated as immaterial.

It *was stated* that, while it is the ordinary practice not to admit evidence to contradict a witness on a collateral matter brought out in cross-examination, this is not an absolute rule of law and the trial judge may in the exercise of a sound judicial discretion admit such testimony.

In the action above described, the contract, breach of which was the basis of the plaintiff's claim, was not the original contract, which required that the defendant procure an extension of the mortgage, but the original contract as modified a month later, which included a waiver by the plaintiff of that provision; and at the trial the plaintiff testified to such a modification, and also testified that, immediately after the original agreement was made, in answer to an inquiry, what the result would be if the defendant should be unable to obtain the extension of the mortgage, he had not stated, "Why, then, of course it will be all off and nobody hurt." Subject to exceptions by the plaintiff, the defendant was permitted to introduce evidence to the effect that the plaintiff had made such a statement at that time, the judge charging the jury that such evidence could not be used to modify or change the written instrument but was admitted for the sole purpose of contradicting the plaintiff. *Held*, that the evidence was competent for the purpose for which it was admitted, the interval of time between the two statements going to its weight, not to its competency.

It was not reversible error at the trial above described to exclude a question, asked in cross-examination of the defendant, whether, if he were obligated by an unmodified agreement to get an extension and he did not want to put up the money to get it, that would furnish a motive for not wanting to go through with the contract, and the exclusion of the further inquiry of the same witness relating to the reason given why his own attorney did not draw a certain mortgage placed on the property.

At the trial of the action above described, it appeared that the defendant had set the date of the foreclosure of his mortgage, which would have given him a title which he could convey to the plaintiff, on a day two days after the date set in the agreement for conveyance. The plaintiff contended that this was done by the defendant in bad faith, so that, on the day set for conveyance, his title would be defective and, under the provisions of the contract, the agreement would be at an end. An attorney for the defendant was permitted, subject to exception by the plaintiff, to testify as to his reason for fixing the date of foreclosure

sale after expiration of the time for passing of title by the terms of the agreement, and that this was done without instructions from the defendant. *Held*, that the evidence was relevant and competent.

CONTRACT for alleged breach of an agreement to convey real estate. Writ dated August 24, 1921.

In the Superior Court, the action first was tried before *J. F. Brown*, J., who ordered a verdict for the defendant subject to exceptions by the plaintiff, which were sustained by this court by a decision reported in 255 Mass. 563.

The action again was tried before *Flynn*, J. Material evidence and exceptions by the plaintiff are stated in the opinion.

The judge, among other instructions, charged the jury as follows:

"When a man makes an agreement he must carry it out or pay damages unless the parties say, 'Very well, it is all off; we cannot make a conveyance of this property, and we will call it off, and the rights under the agreement are cancelled, renounced and set aside.' The agreement is then as if it were never written.

"Now, the plaintiff has established the breach of the agreement, because it has not been performed. The defendant says it has not been performed because the agreement is cancelled and abandoned by mutual consent; that is what we call an affirmative defense. He says that is the situation and that is the reason he didn't perform it. If the plaintiff established his contention by the weight of the credible evidence, he is entitled to a verdict at your hands. It is for you to say whether these parties on or after March 12, 1921, said, 'Well, it is all off, if you can't get me the extension of the mortgage I cannot handle it, and we will call it all off'; and if that was agreed to, assented to by Moskow, he has no right to damages in this case; but unless you are so satisfied by the testimony in this case then Moskow is entitled to a verdict at your hands for the breach of the agreement."

There was no exception saved to the charge. There was a verdict for the defendant. The plaintiff alleged exceptions, which, after the death of *Flynn*, J., were allowed by *Callahan*, J.

Common Law Rule 45 of the Superior Court (1923) read as follows:

"No exception shall be allowed to any order, ruling or decision made in the presence of counsel, unless it be saved at the time such order, ruling or decision is given. Exceptions to an order, ruling or decision made in the absence of counsel shall be saved by filing in the clerk's office within three days after the receipt of notice from the clerk of such order, ruling or decision, a written statement that the party excepts thereto. All exceptions to a charge to the jury shall be claimed and saved before the jury are sent out. When further instructions are given in the absence of counsel or any ruling is made after the jury have retired, a party may except thereto at any time within twenty-four hours next following."

*A. Moskow,* for the plaintiff.

*M. C. Kelleher,* (*W. H. Sullivan* with him,) for the defendant.

SANDERSON, J. This is an action of contract to recover damages for the alleged breach of a written contract dated February 12, 1921, in which the defendant agreed to convey to the plaintiff certain real estate in Cambridge. The answer was a general denial, and set up the mutual waiver, abandonment and renunciation of the contract by the plaintiff and defendant before breach. The property was to be conveyed on or before March 12, 1921, free from encumbrances except a first mortgage for $67,500 then on the property which the defendant agreed to have extended for three years from the date of its expiration. The agreement provided that if the title were defective in any way the deposit of $300 should be returned, the agreement be at an end, and that the parties would then be under no further obligation to each other. The case has been before the court before and is reported in 255 Mass. 563. When the contract was executed the defendant was in possession of the property as second mortgagee, having entered to foreclose. Upon the evidence the jury could have found that he was unable to obtain extension of the mortgage unless he made a substantial payment and that he so advised the plaintiff, who said

he could not use the property unless the mortgage was extended, adding, "it is all off," and at the same time asked the defendant to continue his efforts to get an extension. The case was submitted to the jury October 22, 1926, under instructions to which no exceptions were taken. The verdict was for the defendant. Upon the coming in of the jury the judge asked whether they found the contract was abrogated by mutual consent and the foreman answered "That is what we found." On October 23, 1926, the plaintiff filed a motion for new trial. He first learned on November 2, 1926, when the motion was argued, that the jury answered a special question asked. Before argument of the motion he filed several requests for rulings, none of which were given and the motion was denied. We interpret the record to mean that the judge refused to pass on the requests. The plaintiff excepted to the denial of the motion and to the failure of the judge to rule on the requests and to his refusal to grant them.

The judge was not required to pass upon any of the requests for rulings on the motion for new trial for they all related to matters which might have been raised at the trial. *Ryan* v. *Hickey*, 240 Mass. 46, 47. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 39. The motion was addressed to the discretion of the judge and in the order denying it we find no abuse of that discretion. The judge had a right to ask the question to learn from the jury the ground of their verdict. *Lawler* v. *Earle*, 5 Allen, 22. The issue to which the question related was raised by the answer, and had been submitted to the jury for their decision. A reading of the record shows that no exception was properly saved to the right of the judge to ask the question in the form submitted. An attempt to object to the question on a motion for new trial is of no avail; it came too late. *Nagle* v. *Laxton*, 191 Mass. 402. See Common Law Rule 45 of the Superior Court (1923). The plaintiff's contention that the evidence would not justify a finding of rescission or abrogation is not open on the record.

The plaintiff testified in cross-examination that, when the agreement was signed, he knew that the defendant was in possession of the property as mortgagee, because an article

in the newspaper which first brought the property to his attention so stated. Subject to the plaintiff's exception the defendant was permitted to testify that before the agreement was signed he told the plaintiff that he was mortgagee in possession. The testimony was admitted not to alter or contradict the written instrument later executed but to contradict the plaintiff. It was not reversible error to admit it for this limited purpose. The ordinary practice is not to admit evidence to contradict a witness on a collateral matter brought out in cross-examination, but this is not an absolute rule of law and the trial judge may in the exercise of a sound judicial discretion admit such testimony. *Commonwealth* v. *Mercier*, 257 Mass. 353, 374. The plaintiff has not shown how he could be prejudiced in his essential rights by the admission of testimony to prove a fact he already knew. Even if the evidence should have been excluded, the error must be treated as immaterial.

The plaintiff testified that the defendant told him shortly after the agreement was made that he was having difficulty in getting the extension and that he encouraged him to try to get it; and that after the foreclosure sale on March 14 he asked the defendant to make conveyance to him, and was told by the defendant that he had not obtained the extension and would return the $300 deposited; that the plaintiff refused to take the deposit and said that he wanted the property, "extension or no extension." For the sole purpose of contradicting this part of the plaintiff's testimony, evidence was introduced in behalf of the defendant, subject to the plaintiff's exception, to the effect that, immediately after the agreement was executed, the defendant's attorney asked the plaintiff what the result would be if the defendant should be unable to obtain the extension of the mortgage, and the plaintiff then said, "Why, then, of course it will be all off and nobody hurt." The plaintiff had previously testified that no such conversation took place. While the testimony was being introduced, and later in the charge, the judge instructed the jury that this testimony could not be used to modify or change the written instrument but was admitted for the sole purpose of contradicting the plaintiff.

Upon the plaintiff's testimony, he was not seeking to re-
cover for breach of the contract as written but as modified by
his waiver of the provision for his benefit as to the extension
of the mortgage.   His testimony of conversations concerning
the matter might be met not only by a direct denial that the
conversation took place, but by testimony of his statements
at other times after the agreement was signed, which might
tend to prove that his contention at the trial was different
from that maintained by him while the performance of the
agreement was under consideration.   The interval of time
between the two statements went to the weight, not to the
competency, of the evidence.

In *McGlynn* v. *Brock*, 111 Mass. 219, 222, an oral agree-
ment, contemporaneous with the execution of a written lease,
that the lessee might surrender the premises at any time, was
excluded so far as it tended to prove such agreement, but was
held to be admissible so far as it threw light upon the facts
which the lessee contended constituted a surrender.

In the case at bar the admission of the testimony for the
limited purpose stated by the judge did not violate the rule
that, when parties have reduced a contract to writing, the
written instrument is "presumed alone to express the final
conclusion reached, and all previous and contemporaneous
oral discussion, or written memoranda, are assumed to be
either rejected or merged in it."   *Goldenberg* v. *Taglino*, 218
Mass. 357, 359.

The exclusion of the question, asked in cross-examination
of the defendant, whether, if he were obligated by an un-
modified agreement to get an extension and he did not want
to put up the money to get it, that would furnish a motive
for not wanting to go through with the contract, and the
exclusion of the further inquiry to the same witness relating
to the reason given why his own attorney did not draw the
mortgage placed on the property in April, disclose no re-
versible error.   The rulings come within the discretionary
power of the judge to place reasonable limits on the cross-
examination of witnesses.

Counsel for defendant was properly allowed to testify as
to his reason for fixing the date of foreclosure sale after ex-

piration of the time for passing of title by the terms of the agreement, and that this was done without instructions from the defendant.  Bad faith of the defendant had been charged in thus fixing the date, and it was competent to prove by the attorney who selected the date his reason for so doing.

In the exceptions properly saved and argued no reversible error appears.  No question concerning the $300 deposited is open on this record.

*Exceptions overruled.*