JAMES MANTHO *vs.* ARTHUR T. NELSON.

Suffolk.    January 8, 1934. — January 10, 1934.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Practice, Civil,* New trial.

The general rule, that the disposition of a motion for a new trial of an action lies in the sound discretion of the judge who hears it, was applicable.

A judge who has heard a motion for a new trial of an action is not required to make findings of fact in disposing of the motion.

TORT. Writ dated September 18, 1929.

The action was tried in the Superior Court before *F. J. Donahue*, J. There was a verdict for the defendant. A motion by the plaintiff for a new trial, described in the opinion, was denied. The plaintiff alleged an exception.

In his brief before this court, the plaintiff stated: "It is admitted at the outset that in the ordinary case a motion for a new trial is directed to the discretion of the judge who hears the case, and in the ordinary situation his decision will not be disturbed, but it is contended that the evidence in this case was so strong, clear and uncontroverted as to establish conversion as a matter of law, and that the court erred as a matter of law and not a matter of discretion in denying the plaintiff's motion for a new trial. As a matter of law the plaintiff was entitled to a verdict, and although in this case there were issues which required a submission of the case to the jury, the preponderance of the evidence was so great, looking toward a verdict for the plaintiff, that the trial judge was required, when requested, to set aside the verdict. . . . In the case at bar it must be apparent that the jury returned a verdict inconsistent with the law and the evidence based on a misapprehension of the facts or a misapprehension of the law. The plaintiff was entitled to damages clearly from the testimony, and the trial judge in denying the plaintiff's motion for a new trial (and no memorandum as to his reasons for denying the same was made) went further in view of the evidence than mere discretion, sustaining the verdict of a jury which was against all of the evidence; against the law as given by the court, and erroneous on its face when viewed in the light of the testimony. To uphold a verdict of this kind is an erroneous ruling on the part of the court, prejudicial to the plaintiff and his right to recover, and should not be sustained."

The case was submitted on briefs.

*C. S. Walkup, Jr.*, for the plaintiff.

*W. H. Nelson & A. Mehlinger*, for the defendant.

BY THE COURT. This is an action of tort for conversion. No exceptions were saved at the trial and no excep-

tion was taken to the charge. A verdict was returned in favor of the defendant. The plaintiff then filed a motion for a new trial on the grounds that the verdict (1) was against the evidence and the weight of the evidence, and (2) was against the law and the evidence, and that the plaintiff was entitled to a verdict (3) as matter of law and (4) as matter of fact. The case comes before us on exceptions to the refusal of the trial judge to allow this motion.

The general rule is that upon a motion to set aside a verdict a judge is not required to pass upon requests which might have been raised at the trial on the merits. *Ryan* v. *Hickey,* 240 Mass. 46, 48. *Hallett* v. *Jordan Marsh Co.* 240 Mass. 110, 112–113. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 39. Commonly a motion for a new trial is addressed solely to the sound discretion of the trial judge. The exercise of that discretion will stand unless it appears to have been abused or to rest upon some error of law. Formal findings of fact need not be made. *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 494–495. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 25–26. *Energy Electric Co., petitioner,* 262 Mass. 534, 538. *Vengrow* v. *Grimes,* 274 Mass. 278. It is not necessary to decide that circumstances may not arise requiring the setting aside of a verdict where no question of law was raised at the trial on the merits and where the verdict appears to have been the result of prejudice or some unwarrantable mistake on the part of the jury. *Cunningham* v. *Magoun,* 18 Pick. 13. *Lufkin* v. *Hitchcock,* 194 Mass. 231, 235. Without reviewing the evidence in detail it is enough to say that no error of law is disclosed on the present record. *Malden Trust Co.* v. *Perlmuter,* 278 Mass. 259. *Commonwealth* v. *Osman,* 284 Mass. 421, 426. The case at bar falls within the general rule that the disposition of a motion for a new trial rests in sound judicial discretion.

*Exceptions overruled.*