MARION L. KENNEDY *vs.* WILTON L. CURRIER.

SAME *vs.* SAME.

Norfolk.  November 12, 1935. — February 24, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* New trial, Requests, rulings and instructions.

Under Rule 27 of the District Courts (1932), a question of law, though disclosed by the pleadings, must be raised by a written request for ruling.
A question of law which might have been raised at a trial cannot as of right first be raised on motion for a new trial.

TWO ACTIONS OF CONTRACT.  Writs in the Municipal Court of Brookline dated December 29, 1933, and March 30, 1934, respectively.

The cases were heard in the Municipal Court by *Wyner*, J. The cases were submitted on briefs.

*W. L. Currier*, pro se.

*W. A. Murray*, for the plaintiff.

PIERCE, J. These are two actions of contract. In the first action the plaintiff seeks to recover rent reserved in a written lease for the months of October, November and December, 1933, at $75 a month; and in the second action rent for January, February and March, 1934, at the same rate. In the first case the defendant filed a claim of recoupment for alleged breach of covenant to supply hot water and to furnish heat; for personal injuries because of alleged "vibrations" and "shocks" of the steam pipes and radiators; for the diminishing of his "efficiency for his work" and that of his wife "for her work"; for failure to supply janitor's service; and for failure to keep the flooring in a clothes yard in safe condition. In the second case the allegations of the answer in respect to recoupment were the same, except that there was no complaint of failure to provide janitor service and there were additional allegations that the plaintiff suffered two broken window cords to remain unreplaced, allowed the bathroom toilet, a waste pipe and a radiator to leak, failed to keep the stairways clean and failed to remove the garbage promptly.

The lease contained the provision: "IT IS FURTHER UNDERSTOOD and agreed that, except so far as hereinafter provided and as necessarily prevented by accident, the said Lessor will supply said suite with water from the town or city water works and supply continuous hot water during reasonable hours and keep the rooms composing said suite, containing radiators, warmed during the cold season. Inability on the part of the Lessor to procure coal due to causes beyond the Lessor's control shall not be deemed a violation of this lease." The lease contains no covenant of the lessor to furnish janitor service, to keep the premises clean and in repair or to keep a flooring in a clothes yard in safe condition.

The two actions were heard together in the Municipal Court of Brookline upon substantially the same evidence.

At the trial it was admitted by the defendant that no rent had been paid for the month of October, 1933, and subsequent months. There was evidence tending to show lack of heat and of continuous hot water, and suffering by the defendant from said lack and from metallic vibrations of the steam pipes and radiators and noisy shocks occurring therewith; and also evidence tending to show failure to maintain proper janitor's service, all with the knowledge of the plaintiff. The draft reports do not disclose that any objection to the admission and exclusion of evidence or claim for a report based thereon was made by the defendant in either case during the trial. No requests for rulings were filed by the defendant at the close of the evidence, and there was no request for a report. The defendant states in his brief that the trial judge announced (in substance) that the defendant had the right to recoup for a breach of the covenant, but he thought he had no right to recoup for tort; and stated that he would save the defendant's rights to produce medical testimony if he thought it would be of any use for the defendant to do so; that the judge never gave any notice to the defendant that it would be of use to the defendant to produce medical testimony, and the defendant never requested a report because of the judge's statement to the effect that a defendant could not recoup for tort. The draft reports state, in substance, that at the close of the trial the judge made an oral decision in which the damages awarded to the defendant by way of recoupment were limited to failure to provide heat as covenanted; that the value of the premises with and without heat was alone considered; and that by this decision the defendant was left to his action at law for damages for personal injuries from sufferings, as alleged in the defendant's answer and appearing in evidence. On September 5, 1934, the judge found for the plaintiff in each case in the sum of $200, apparently allowing $25 in each case to the defendant by way of damages under the recoupment claim. No claim for a report, in either case, based on any error of law occurring at the trial on the merits was filed by the defendant. On

September 12, 1934, the defendant under Rule 26 of the District Courts (1932) filed a motion for a new trial on the following grounds: "1. The finding for the plaintiff was against the evidence. 2. The said finding was against the weight of the evidence. 3. Said finding was against the law. 4. Said finding was against the law and the evidence. 5. The damages awarded to the defendant by way of recoupment, were limited by the judge's oral finding to failure to provide heat as covenanted. 6. The said damages as allowed by way of recoupment, are inadequate. 7. The value of the premises, with and without the heat covenanted for but not supplied, were alone considered (without evidence) by the judge in his allowance to the defendant. 8. By the judge's oral decision, the defendant is left to his action at law for damages for personal injuries from sufferings as alleged in defendant's answer. 9. As the defendant's claim arises out of the same transaction as that out of which the covenant to pay rent arises, the defendant should have been allowed to recoup for the same in damages." At the hearing thereon the defendant presented the following requests for rulings of law: "1. The defendant should not have been left to his action at law for damages for his claim for personal injuries, but should have been allowed to recoup for the same, since the defendant's said claim arose out of the same transaction as his covenant to pay rent. 2. The law of pleading under G. L. c. 231, and the decisions of the Supreme Judicial Court of Massachusetts, requires performance of covenants, as a substantive fact, to be alleged, in order to recover rent under a written lease, thus treating the covenants as part of the same transaction as the covenant to pay rent. 3. The judge should have filed in writing all his oral findings of fact announced in his oral decision. 4. The judge should have filed in writing all his oral rulings of law announced in his oral decision."

The trial judge denied the motion and refused the requests for rulings of law. Under Rule 28 of the District Courts (1932) he set forth the facts and reasons for the disallowance of the claim for report as follows: (1) "The

refusal of a new trial was within the sound discretion of the trial justice and presents no ruling of law subject to review"; (2) "The trial justice refused to pass upon the requests for rulings on the motion for a new trial since they related either to questions of law which might have been raised at the trial or to matters within the discretion of the trial justice"; and (3) "If it be material, the draft report is not conformable to the facts."

The report was established March 29, 1935, by the Apellate Division for the Southern District, and the cause came on to be heard on May 17, 1935. It was submitted on briefs by the plaintiff and argued by the defendant. The Appellate Division in each case ordered the "Report Dismissed" on July 2, 1935. The cases come before this court on the appeals of the defendant filed July 9, 1935.

The defendant contends that his answer set forth his contentions and that he was not obliged to make specific requests for rulings of law. He further contends that the trial judge did not obey the commands of G. L. (Ter. Ed.) c. 231, § 124, in that in the circumstances of this case it was expedient that he should "ascertain so far as is practicable all the facts both as to liability and damages."

Rule 27 of the District Courts (1932) is otherwise and requires that such requests be filed and rights saved thereon. *Holton* v. *American Pastry Products Corp.* 274 Mass. 268, 269. *Almeida* v. *Alsdorf,* 291 Mass. 115. No question of law can be raised .on a motion for a new trial which could have been raised at the trial on the merits, unless the trial judge see fit to entertain it. *Skudris* v. *Williams,* 287 Mass. 568, 570. The first two requests for rulings of law made at the time of the motion for a new trial presented questions of law which could have been dealt with at the trial on the merits. They should have been then presented if the defendant wished to claim a report as a matter of right. *Nerbonne* v. *New England Steamship Co.* 288 Mass. 508. In *Hallett* v. *Jordan Marsh Co.* 240 Mass. 110, it was held that a question of law which might have been saved at the trial on the merits could not be raised as a matter of right on a motion for a new trial.

Questions open at the trial are not subjects of exceptions when presented on a motion for a new trial. *Lopes* v. *Connolly,* 210 Mass. 487. On a motion for new trial the judge need not rule on matters that might have been raised at the trial. *Moskow* v. *Burke,* 266 Mass. 286. *Mantho* v. *Nelson,* 285 Mass. 156, 158.

The last two requests were not argued before the Appellate Division and are treated as waived.

We find no occasion for further consideration of the defendant's argument. In each case the entry may be

*Order dismissing report affirmed.*