MILTON PINS vs. I. J. FOX, INC. January 31, 1939. Exceptions overruled with double costs. The motion for a new trial was addressed to the discretion of the trial judge. It was for him "to determine in his discretion whether the verdict was against the

evidence." *McKin* v. *Siegel*, 256 Mass. 269, 270. See also *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 76. This was a question of law which could have been raised, though in different form, at the trial on the merits. The record discloses no other question of law raised by the motion which could not have been raised at the trial by pertinent requests for rulings. Questions of law involved in the question whether the verdict was "against the law," see *McKin* v. *Siegel*, 256 Mass. 269, 270, or "inconsistent with the claim of either the plaintiff or the defendant" could have been so raised. "It is the long established and frequently applied rule of practice in this Commonwealth that a party cannot as matter of right raise a question of law on a motion to set aside the verdict and grant a new trial, which might have been raised before verdict." *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 38, and cases cited. *Mantho* v. *Nelson*, 285 Mass. 156, 158. No abuse of discretion is disclosed by the record. See *Murnane* v. *MacDonald*, 294 Mass. 372, 375. Therefore no exception lies to the denial of the motion. *Restuccia* v. *Bonner*, 287 Mass. 592, 593.

*J. M. Graham, J. S. Slater, & C. M. Goldman,* for the defendant.
*S. Markell & L. W. Black,* for the plaintiff.