No. 145232      Municipal      Suffolk, ss.
AMERICAN REGISTER CO.      (Louis H. Casson)
v. HARRINGTON      (Jackson J. Golden)

From the Municipal Court of Boston—Keniston J.
Argued April 28, 1941—Opinion Filed December 10, 1941

TOMASELLO, J. (Putnam, C.J. & Gillen, J.)—In an action of *scire facies,* the trustee sought to be charged by interrogatories and answers in the original proceedings disclosed that he was named as assignee for the benefit of creditors in an assignment made on September 28, 1938, by the Boston Buffalo Express, Inc., a corporation, and at the time of attachment had in his possession assets of forty-one creditors totalling $2,481.68; that he had paid the sum of $1,100 for the franchise of said Express Company, which was necessary for the operation of the express business, and was in possession of fifty-two accounts receivable totalling $3,396.28. At the trial in the *scire facies* proceedings the defendant testified that $462.70 had been realized and collected on the accounts receivable.

Before final argument the plaintiff duly presented certain requests for rulings.

The trial judge made the following findings:—

"I find the defendant in *scire facias* at the time of the service of the trustee writ upon him in the prior action, had in his hands

and possession as an assignee of the principal defendant for the benefit of creditors $462.70, a franchise which at sometime sold for $1100.00 and outstanding accounts owed the principal defendant totalling $3396.28 and at the time of such service creditors of the principal defendants having claims totalling $2481.68 had assented to the assignment."

Subsequently the plaintiff filed two motions, one to correct the rulings of the Court and the second to correct the findings of the Court contending that rulings three and four were inconsistent with the Court's findings.

At the hearing upon these motions the plaintiff duly filed further requests for rulings which were denied.

The plaintiff's grievance is threefold, (1) to the original rulings (2) denial of motions (3) failure to rule as requested upon the motions.

(1) Original requests for rulings numbered one and two were rightly denied in that a general request "on all the law" or "On all the evidence" should be accompanied by specifications in order to be reviewable as of right. McGrath v. Sheehan, 296 Mass. 263, 264, Dellamano v. Francis, 308 Mass. 502.

(2) The hearing upon the motions to correct the rulings and findings of the trial judge assumed the aspect of a motion for new trial, and were addressed to the discretion of the trial judge, Conway v. Kenney, 273 Mass. 19, denial of which furnished no matter for review, Winsted Bank v. Adams, 97 Mass. 110, Vengrow v. Grimes, 274 Mass. 278, except under circumstances to prevent a miscarriage of justice. Madden v. Boston Elevated Ry. Co., No. 271754, Boston Municipal Court, (36 App. Div. 300).

There was nothing to indicate that the trial judge's rulings were inconsistent with his findings. It was material among other things that a determination be made as to the amounts collected upon the accounts receivable in view of the time ordinarily elapsing between the original proceedings and the proceedings on scire facias, and for that purpose at least the trial judge could permit the defendant to be examined anew in scire facias. Thompson v. King, 173 Mass. 439. It was evident that because of the assignment the trial judge was warranted in finding as he did. Sinclair v Napoli Cafeteria, Inc., 244 Mass. 221.

(3) The requests for rulings filed subsequently to the finding presented no new matter that could not have been raised and determined by the plaintiff's requests in the scire facias proceedings, and the trial judge could not be compelled to make any ruling however disguised as to form which was or could have been asked before the finding. Ryan v. Hickey, 240 Mass. 46, Moskow v. Burke, 266 Mass. 286, 290. At most, the refusal to act upon these requests would have the effect of requests denied which dispositions would be correct in view of the lack of inconsistency as claimed therein.

The order is reported dismissed.