*Municipal Court of the City of Boston*
No. 91210

**MITCHELL RUBBER PRODUCTS, INC.**

v.

**HUB AUTO SUPPLY, INC.**

(February 28—April 24, 1964)

*Present*: Gillen, J. (Presiding), Riley & Morrissey, JJ.

Case tried to *Shamon, J.*

*Gillen, J.* There was evidence that on May 18, 1962 the plaintiff sold the defendant goods (rubber mats) in the amount of $4,637.66; they were delivered to the defendant.

On *June* 11, 1962 the plaintiff forwarded a shipment of rubber mats to the defendant in the amount of $4,655.91—this shipment had not been ordered by the defendant. The defendant upon the receipt of this duplicate shipment that had not been ordered, informed the plaintiff of the error in shipment, and requested authority from the plaintiff to re-

turn the goods, and no authority was ever transmitted to the defendant.

In the course of the trial of the case (*June,* 1963), it was agreed that $3,500.00 worth of the goods in the June, 1962 shipment still were on the premises of the defendant.

No requests for rulings of law were filed at the trial.

The judge found for the plaintiff in the amount of $8,142.37 which amount embraced the two shipments, heretofore mentioned, plus other shipments, with due credits on the entire account as payments were made.

The defendant was not satisfied with the amount of this finding, but no motion was filed to correct the finding. See *DiLorenzo v. Atlantic Nat. Bank,* 278 Mass. 321.

A motion for a new trial was filed but no requests for rulings of law were filed at the hearing on the motion for a new trial. The motion was denied.

The defendant now urges that as it requested the plaintiff to send instructions as to what it (the defendant) should do with the duplicate shipment, it did not order, that it should not be charged with this shipment, and that the Uniform Commercial Code, G. L. c. 106, covers this proposition.

The buyer is under an obligation in this situation to sell the goods for the seller's account. G. L. c. 106, §2-603.

There was no evidence that the buyer sold for the seller's account in the instant case.

As requests for rulings of law were not filed here, and as there is nothing in the report showing an abuse of discretion by the trial judge, no error of law is disclosed on the present record. *Mantho v. Nelson,* 285 Mass. 156.

The order is: *Report dismissed.*

Louis Feinstein, of Boston, for the Plaintiff.
Herbert Hershfang, of Boston, for the Defendant.