*Western District*
No. 183255
**RIVERSIDE PARK ENTERPRISES, INC.**
**v.**
**JERRY HERZENBERG**

*Present:* Garvey, P.J., Moore, J. and Levine, J.
Tried to *Sloan, J.* in the District Court of Springfield
No. 183255

*Moore, J.* This is an action of tort to recover for the conversion of a sign owned by the plaintiff and located on property in Agawam, Massachusetts, purchased by the defendant.

The defendant duly filed certain requests for rulings at the time of the trial, some of which were denied by the court.

The trial judge on May 12, 1966 found for the plaintiff in the sum of $2,500.00

■ Two days later the defendant filed a request for the report and a motion for a new trial. The request for the report did not include "a clear and concise statement of the rulings upon which a rehearing is requested . . . ." as required by the third paragraph of *Rule 27* of *the Rules of the District Courts of the Commonwealth of Massachusetts (1965)*.

■ Neither did the defendant file a draft report within ten days after notice of the finding, the cause being ripe for judgment except for the pendency of the request for a report and the motion for a new trial, as required ·by the first paragraph of *Rule 28 of said District Court Rules. (1965)*.

The motion for a new trial set forth as the grounds for same:

    (1) the finding was against the evidence and the weight of the evidence;

    (2) that it was against the law; and

    (3) that the damages were excessive.

On July 29, 1966, the court denied the motion for a new trial.

■ The report and the docket entries indicate that the defendant again presented requests for rulings at the time of the hearing on the motion for a new trial on which requests the trial judge refused to rule for the reason as stated in the report that they dealt with matters that could have been presented

at the trial. To the denial of the motion for a new trial and the court's action in failing to pass on the defendant's requests for rulings filed at the time of the hearing on said motion, the defendant duly filed a claim of report and a draft report within the time allowed.

The trial judge committed no error in his failure to rule upon the requests filed at that time. See *Skudris* v. *Williams*, 287 Mass. 568 and *Mantho* v. *Nelson*, 285 Mass. 156. No question of law can be raised on a motion for a new trial which could have been raised at the trial on the merits unless the trial judge sees fit to entertain it. *Kennedy* v. *Currier*, 293 Mass. 435, 439. *Moskow* v. *Burke*, 266 Mass. 286. ▮▮▮ The denial of the motion for a new trial was within the sound discretion of the trial judge and there was no abuse of that discretion. *Hallett* v. *Jordon Marsh Co.*, 240 Mass. 110.

There was no prejudicial error on the part of the trial judge on the matters that are complained of and the order should be: **report dismissed.**

CHARLES S. COHEN

of Springfield for the Plaintiff.

HENRY A. MORAN, JR.

of Springfield for the Defendant.