Hamlin, J.
This is an action in tort where the plaintiff-landlord York Realty, Inc. (hereinafter York) seeks to recover from the defendant lessee J. J. Daly, Inc. (hereinafter Daly) for damage to its freight elevator. The answer contained a general' denial of negligence and alleged contributory negligence, wilful misconduct, responsibility of another as the cause of the damages to the freight elevator, estoppel, Rule 12 (b)(6), satisfaction, no recovery under the terms of the lease, and breach of contract. After trial, the Court found for the defendant Daly. The trial judge filed findings of fact and a memorandum of decision.
The facts of the case were as follows. York owns a warehouse at 121 Beach Street, Boston, Massachusetts. In August, 1971, York leased four floors of the warehouse to Daly. Daly is a company dealing in paper products. The space was leased for storage purposes. On or about January 20, 1978, two employees of Daly, Bruce Behan (hereinafter Behan) and Raymond McDonald (hereinafter McDonald) were using the freight elevator in the warehouse for the purpose of moving some rolls of paper from the *228 sixth floor to the seventh floor. The elevator was approximately ten feet by six feet. The load capacity of the elevator was 3,000 pounds as indicated on one of the walls. As the two employees attempted to move the paper to the seventh floor, the elevator moved upward about an eighth of an inch and then dropped from the sixth floor to the basement. Both men were taken to the hospital suffering from minor injuries.
John McNeil (hereinafter McNeil), senior elevator inspector for the City of Boston, investigated the accident. The total weight on the elevator at the time it failed was estimated at 4,800 pounds, including the weight of Daly’s two employees.
The elevator had been tested last by the City of Boston on November 21,1977. At that time, no elevator safety certificate was awarded because the elevator was in need of repair. At the time of this accident, there was no certificate posted inside the elevator.
During the course of its tenancy, Daly had requested, in several letters, that York inspect and make necessary repairs to the three elevators in the warehouse, including the large freight elevator which failed on January 20,1978. There was no evidence to show that such inspection and repairs were made prior to the accident. On two prior occasions in 1977, the elevator in question had malfunctioned. The first time was in April of 1977, when Edward Clougherty (hereinafter Clougherty), an employee of Daly loaded the elevator with a cargo of approximately 2,000 pounds and the elevator was unable to lift it. The second time was in June 1977. Clougherty and MacDonald tried to move a cargo of about 1,400 pounds. On this occasion, the elevator fell from the third floor to the basement in spite of Clougherty’s attempts to stop the cable.
When Inspector McNeil was questioned at trial as to the cause of the elevator falling, his testimony was that he personally had no idea what caused the elevator to fall on January 20, 1978. The City of Boston did not request York to shut down the elevator after its November, 1977 inspection.
The trial judge found that Behan and MacDonald as the lessee’s agents had a duty to exercise reasonable care in their use of the large freight elevator, that defendant breached its duty of care by not suiting the load to the capacity of the freight elevator, and that there was evidence here that the plaintiff failed to maintain the freight elevator in good condition. However, the trial judge found that:
Where the plaintiff did not sustain his burden of proving that the defendant’s negligence was the cause of the accident, and where the evidence shows negligence with regard to the maintenance of the elevator by the plaintiff itself, the Court is left to speculate as to the precise cause of the elevator’s failure on January 20, 1978.
I therefore find for the defendant and rule as follows on the plaintiff s request for rulings of law:
1. That a sign was posted on the elevator on the date of the accident indicating the load limit to be 3000 lb. Allowed.
2. That the elevator did not fail during the summer of 1977. Denied, see findings of fact above.
3. That York Realty was not notified that the elevator had fallen during the summer of 1977. Denied, I find the plaintiff was notified that the elevator had fallen previously.
4. The cause of the accident was that there was too much weight on the elevator. Denied, see findings of fact above.
5. As a result of the elevator accident, the plaintiff has to spend in excess of $12,000 on the elevator. Denied, where it is not clear what expenditures of the plaintiff were attributable to the accident of January 20, 1978.
6. The defendant is liable for all damages to the plaintiff as a result of the elevator accident. Denied, see findings of fact.
7. Allowing the operation of an elevator without a certificate of operation *229 issued from the City of Boston is not negligence per se. Allowed.
Judgment entered and thereafter the plaintiff filed a motion for new trial with additional requests for rulings of law. The motion for new trial was denied and no action was taken on the plaintiffs requests for rulings which were the following:
1. On having found the defendant negligent in the case at bar, the Doctrine of Res Ipsa Loquitor applies and the plaintiff is entitled to all damages flowing from such negligence.
2. Since the Court has found the defendant negligent in the operation of the elevator on January 20, 1978, the burden is as per c. 231, § 85, to prove that the plaintiffs negligence was greater than the defendant’s
3. Since the Court has found the defendant negligent and the defendant has not proven the plaintiff s negligence is greater than the defendant’s negligence, the Court should not speculate as to what caused the elevator to fall on January 20, 1978.
4. Since the Court has found the defendant negligent on January 20,1978, and the defendant cannot prove the plaintiff was negligent on said date, then the plaintiff is entitled to all damages resulting from the elevator accident.
A report was filed. The plaintiff claimed to be aggrieved by the denial of requests 2,3, 4, 5 and 6 and the failure to rule on requests 1,2,3, and 4 filed with the motion for new trial.
York’s brief addresses itself only to the issue of whether or not the court erred as a matter of law, in holding that the evidence presented was insufficient to warrant a finding that the defendant’s negligence was the cause of the elevator’s fall or resulting damage. (See Appellant’s Brief, pp.2-3).
In an action for negligence, the plaintiff has the burden of persuading the trier of fact, in this case the judge, by a fair preponderance of the evidence that (1) the defendant owed him a duty of care (2) that he breached this duty, (3) that he was injured or his property damaged, and (4) such injury or damage was the direct and proximate result of the breach of duty. Nolan, Massachssetts Practice (Vo. 37) 340-341.
‘ ‘A person can be negligent in his conduct or in his failure to act towards one to whom he owes a duty and not be liable for negligence. It is essential that the plaintiff prove a causal connection between the defendant’s negligence and the injury or damage which he suffers”. Nolan, Massachusetts Practice (Vol. 37) 38 and cases cited.
The plaintiff satisfies his burden if he shows that the harm he suffered was more likely caused by the negligence of the defendant than for some other cause for which the defendant is not liable. See Nolan supra at 342. “Where the injury might well have resulted from any one of many causes, the plaintiff, by a fair preponderance of the evidence, must exclude the operation of those causes for which the defendant has no legal obligation”. Trim v. Fore River Ship Building Company, 211 Mass. 593, 595 and cases cited (1911); Williams v. United Men’s Shop, Inc., 317 Mass. 319, 321 (1944), Wardwell v. George H. Taylor Co., 333 Mass. 302, 305 (1955). Proof of the cause cannot be left to conjecture or speculation. Wardwell v. George H. Taylor Co., 333 Mass. 302, 305. “When the precise cause is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then a verdict should be directed against the plaintiff ’. Ryan v. Fall River Iron Works Co., 200 Mass. 188, 192 (1908) quoted with approval in Wardell v. George H. Taylor Co., 333 Mass. 302, 305 (1955), Currie v. Lee Equipment Corporation, 362 Mass. 765 , 768 (1973).
The trial judge specifically found that the evidence was insufficient to warrant a finding that the defendant’s negligence was the cause of the elevator’s fall or the resulting damage, and that because of the posture of the evidence the Court was left to speculate as to the precise cause of the elevator’s failure on January 20, 1978. It is well *230 settled in this Commonwealth that findings of fact of atrial judge are subject to deference and will not be set aside unless clearly erroneous. Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 161 (1977), Pulcherie Carrier v. Leona P. Carty, 1980 Mass. Adv. Sh. 1783, 1785. “The authority of an Appellate Court when reviewing the findings of a judge as well as those of a jury is circumscribed by the deference it must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence. The question for the Appellate Court.. .is not whether it would have made the findings the Trial Court did, but whether ‘on the entire evidence [it] is left with the definite and final conviction that a mistake has been committed. ’ ’ ’ Guzman v. Pichirillo, 369 U.S. 698, 702-703 (1962), cited in Building Inspector of Lancaster v. Sanderson, 372 Mass, at 161 (and cases cited).
York filed a motion for new trial along with additional requests for rulings of law. The motion for new trial was denied and no action was taken on plaintiffs requests for rulings. The fact that the trial judge took no action on the requests for rulings constitutes a denial of such requests. Georgeopoulos v. Georgeopoulos, 303 Mass. 231, 234 (1939); Caccavaro v. American Motorists Insurance Company, 355 Mass. 797, 798 (1969). and cases cited; Nolan, Massachusetts Practice (Vol. 9) 629.
Massachusetts Rules of Civil Procedure, Rule 59(a) governing the District Courts and Municipal Court of Boston, states
.. .[a] new trial may be granted to all or any of the parties and on all or part of the issues for newly discovered evidence, for mistake of law injuriously affecting substantial rights of the moving party or for any other reason for which the court may deem necessary a new trial to prevent a failure of justice. On a motion for a new trial the court may open the judgment if one has been entered, take additional testimony, amend any findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
In the case at bar, the Report is stated to contain all evidence material to the questions reported. See Coyne v. John S. Tilley Co., Inc., 2 Mass. App. Ct. 641, 642 (1974). There is nothing in the Report alleging any of the grounds under which a trial judge may grant a new trial. The issues raised by York in its motion for new trial by way of requests for rulings could have been raised by York at the trial, and there is no indication that the judge revived them on the motion for new trial. Gallagher v. Boston Elevated Railway, 259 Mass. 33, 34 (1927); Ross v. Colonial Provision Co., Inc., 299 Mass. 39, 42 (1937); Orcutt v. Drillen, 306 Mass. 617 (1940). The trial judge was not required to pass upon requests which might have been raised at the trial on the merits. Mantho v. Nelson, 285 Mass. 156, 158 (1934): Set Forte v. Muzi Motors, Inc., 5 Mass. App. Ct. 700, 794 (1977).
It is a long, established and frequently applied rule of practice in this Commonwealth that a party cannot as [a] matter of right raise a question of law on a motion to set aside the verdict and grant a new trial, which might have been raised before verdict. Pins v. I. J. Fox, Inc., 302 Mass. 601, 602 (1939).
The general rule is that a motion for new trial rests entirely in the sound discretion of the trial judge. Gallagher v. Boston Elevated Railway, 259 Mass. 33, 34, Mantho v. Nelson, 285 Mass. 156, 158 (1934); Golba v. Gajewski, 301 Mass. 328, Orcutt v. Drillen, 306 Mass. 617 (1940). The record before the Court shows no abuse of discretion or other error of law in denying the motion for a new trial. Gallagher v. Boston Elevated Railway, supra at 34; Golba v. Gajewski, supra at 328; Orcutt v. Drillen, supra at 617. See Commonwealth v. Pisa, 1981 Mass. Adv. Sh. 1927, 1931.
Assuming arguendo the issues of res ipsa loquitur, and G.L. c. 231, § 85 had been properly before the court, they are inapplicable to the case at bar. In orderforthe doctrine of res ipsa loquitur to be operative, York must first prove the instrumentality causing *231 damages, in this ease the elevator, te exclusively within the control of York, Zezuski v. Jenny Manufacturing Co., 363 Mass, 324, 329-332 (1973); Evangelio v. Metropolitan Bottling Co., Inc., 339 Mass, 177, 183(1959), See Coyne v. John S. Tilley Co., Inc., 2 Mass. App. Ct. 641, 644 (1974), In the Coyne ease at 644, our Supreme Judicial Court has indicated that in order to recover “the plaintiff must sustain the burden of proving (1) that the accident which caused his injury is the kind of occurrence which usually does not happen in the absence of negligence by the defendant, and (2) that ‘the instrumentality had not been improperly handled by himself or by intermediate handlers’, ’ Evangelio v. Metropolitan Bottling Co., Inc., supra at 183, in Coyne v. John S. Tilley Co., Inc., Supra at 644. York was not required te exclude every possible cause of the accident, but was “.. .required to show a greater likelihood that his injury was caused by he defendant's negligence rather than by some other cause’ ’, Coyne v. John S. Tilley Co., Inc., supra at 645. The facts in the Draft Report indicate that Daly leased several floors in a multi-floor building from York and York continued to retain ownership, control and maintenance obligations concerning the elevators in the building. York has failed to prove that the accident would not happen absent Daly’s negligence in overloading the elevator and that the elevator was not improperly handled by himself or his intermediate handlers. The facts of the case as found by the trial judge indicated not only that the plaintiff failed to maintain the freight elevator in good condition but also that a similar accident had happened before when Daiy had not overloaded the elevator. See Draft Report, Page 2. Thus the plaintiff has failed to sustain his burden of proving res ipsa loquitur. Coyne v. John S. Tilley Co., Inc, Supra, 644.
Further, as to G.L. c. 231, § 85, since the court was left to speculate as to the precise cause of the elevator’s failure on January 20, 1978, it would be impossible to assign comparative degrees of negligence. G.L., c. 231, § 85.
On the issue of damages, the Court found that “... it is not clear what expenditure[s] of the plaintiff were attributable to the accident of January 20,1978.” The burden is on the plaintiff to prove by a fair preponderance of the evidence, that he was injured or his property damaged.
The report is dismissed.